### HUGHES v. HESS et al.
No. 9212.

Court of Civil Appeals of Texas. Austin.
Nov. 4, 1942.

Rehearing Denied Dec. 9, 1942.

R. G. Hughes, of San Angelo, for appellant.

Collins, Jackson, Snodgrass & Blanks, of San Angelo, for appellees.

BLAIR, Justice.

This is the second appeal of this case. The opinion on the former appeal (Richardson v. Hughes, Tex.Civ.App., 146 S.W.2d 255) states the case. The primary question presented before and now is whether the judgment lien of appellee Richardson is superior to the vendor's lien which appellant Hughes, as executor, sought to foreclose on the land involved. Appellee also claimed title by purchase under execution levy and sale independently of her judgment lien, which was made at a time when the vendor's lien was barred of record by limitation. On the former appeal it was held that the attempted extension of the vendor's lien, executed June 3, 1932, by D. L. Hess, the debtor, and R. G. Hughes, attorney for the holders, was void, because the probate court had not authorized the temporary administrator to make the extension agreement; that such void agreement did not toll the running of the statutes of limitation against the notes and vendor's lien; and that they were barred of record by limitation at the time the judgment lien of appellee attached to the property under the provisions of Arts. 5520, 5522 and 6627, Vernon's Ann.Civ.St. The cause was remanded for further proof of the authority of the temporary administrator to make the extension agreement. On the second trial appellant was unable to show that the probate court had authorized the temporary administrator to make the extension agreement, and in consequence the trial court denied a foreclosure of the vendor's lien; and appellant's renewed contention that the extension agreement was valid is overruled upon authority of the former decision.

After the cause was remanded appellant amended his petition, expressly pleading for the first time on April 26, 1941, that this

same extension instrument, executed June 3, 1932, and held to be void on the former appeal, was an acknowledgment in writing of the justness of the debt and lien by the debtor under Art. 5539, and expressly sued and declared upon said instrument as a new promise or obligation of the judgment debtor. Also by the same petition appellant sued and declared upon an extension agreement, executed February 25, 1941, between himself as independent executor, and D. L. Hess, the debtor, extending the time of payment of the vendor's lien notes to June 1, 1941, and the lien to four years after the maturity date of the notes. The trial court denied the foreclosure of the lien upon these new promises or grounds.

Appellant contends that the extension agreement of June 3, 1932, was an acknowledgment by the debtor Hess of the justness of the debt and lien sought to be foreclosed under Art. 5539, which provides: "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

The contention of appellant is not sustained. The statute deals primarily with the character of proof necessary to establish an asserted action under a writing "acknowledging the justness of the claim" barred by limitation. It necessarily contemplates a new and valid contract between the immediate parties constituting a new promise or obligation. And since we held on the former appeal that the attempted extension agreement of June 3, 1932, was void because the temporary administrator was not expressly authorized by the probate court to execute it, such void agreement cannot constitute the basis of an asserted action under a writing "acknowledging the justness of the claim" barred by limitation, and particularly so with respect to intervening rights of appellee as a subsequent lien holder or purchaser under execution levy and sale of the property involved. Novosad v. Svrcek, 129 Tex. 34, 102 S.W.2d 393; Texas Land & Mtg. Co. v. Cohen, Tex.Com.App., 159 S.W.2d 859, 863, wherein it is held that "a contract of extension is not effective until accepted by the mortgagee."

Appellant further contends, however, that since the temporary administrator made the extension agreement for the benefit of the heirs and creditors of the estate, reporting his action to the probate court; and that since the permanent administrator later sold the renewed notes and lien to appellant under order of the probate court, his title being in no way questioned under the sale, the acceptance by the owner through the permanent administrator of the extension agreement was conclusively shown, as well as the approval of it by the probate court. As between the immediate parties to the transaction the contention of appellant is probably correct, but as to appellee, a stranger to the proceedings and transactions, the acceptance of the extension agreement is not binding and is immaterial. This is because she was a stranger to the extension agreement and probate proceedings, and because such acceptance of the extension agreement occurred long after her intervening rights as a judgment lien holder or as a purchaser under execution levy and sale had attached to the property involved. The intervening rights of appellee are not controlled by Art. 5539 but by Arts. 5520 and 5522, which were enacted for the protection of strangers to an original debt and lien, and are primarily registration statutes as concerns the intervening rights of subsequent lien holders or purchasers, which arise at a time when the original debt and lien are barred of record by limitation. Watson v. First Natl. Bank, Tex.Com.App., 285 S.W. 1050; Yates v. Darby, 133 Tex. 593, 131 S.W.2d 95; Texas Land & Mtg. Co. v. Cohen, supra.

The last recorded extension of the vendor's lien was by the deed to Hess, dated October 25, 1930, and duly recorded, he expressly assuming the notes and the lien obligation, and since no other renewal or extension agreement was recorded, the notes and lien became barred of record by limitation on October 25, 1934. When the notes and lien became barred of record the judgment lien immediately attached and became superior to the barred vendor's lien under the provisions of Arts. 5520, 5522 and 6627, as was held on the former appeal of this case.

Appellant further contends, however, that since the vendor's lien was not barred of record at the time the abstract of judgment was filed, the rights of appellee were fixed on that date as a junior lien holder and were subject to the rights of the senior lien holder to renew and extend

the lien at any time, and whether or not such extension agreement was recorded. This contention is contrary to the provisions of the statutes, which make the right to extend the senior lien barred of record by limitation to depend upon whether intervening rights of subsequent lien holders or purchasers have arisen. In Yates v. Darby, supra, it is held that a judgment lien attaching to realty after a vendor's lien or superior lien has become barred of record by limitation is superior to the barred lien under the statutes involved herein. And in Marks v. Bell, 10 Tex.Civ.App. 587, 31 S.W. 699, error refused, it is held that a judgment lien, filed when the property involved constituted the homestead of the debtor, attached to the property immediately upon abandonment of the homestead. The reason for the rule is well stated by the court, and we see no reason why it should not apply with equal force to the instant case, and' we hold that when the judgment lien was filed it attached to any interest of the judgment debtor in the realty, and that when the superior vendor's lien became barred of record by limitation, the judgment lien immediately attached and became the prior lien on the realty. This is the plain meaning of the language of Art. 5522, which provides that "the owner of the land and the holder of the note or notes may at any time enter into a valid agreement renewing and extending the debt and lien, so long as it does not prejudice the rights of lien holders or purchasers subsequent to the date such liens became barred of record." Under this statute no subsequent agreement to extend the vendor's lien can affect or destroy the intervening rights of lien holders or purchasers acquired when the vendor's lien was barred of record by limitation. Yates v. Darby, supra.

■ The same rule applies to the rights of appellee as purchaser of the property under execution levy and sale of the property, which were made independently of her judgment lien and without reference to it, after the vendor's lien sought to be foreclosed by appellant was barred of record by limitation. As such purchaser appellee has been in possession of the land since 1935. No valid extension of the vendor's lien had been made at the time of the levy and sale to appellee, who credited her judgment against Hess with the amount of her bid, and the statutes themselves expressly protect her rights as purchaser of

the property at a time when the notes and lien sought to be enforced by appellant were barred of record by limitation. This holding also disposes of the contention of appellant that appellee was not an innocent purchaser for value.

■ No question of notice to appellee of any extension of the vendor's lien is or can be involved. The only extension claimed to have been made was that by the temporary administrator, dated June 3, 1932, which we held on the former appeal and again on this appeal to be void, and that it could therefore not be notice of a valid extension agreement whether of record or not.

The judgment of the trial court is affirmed.

Affirmed.