ROBERT HUGHES, INDEPENDENT EXECUTOR OF THE ESTATE OF
MRS. EMMA CORNELL, DECEASED, V. D. L. HESS ET AL.

No. 8070. Decided May 26, 1943.
Rehearing overruled July 7, 1943.
(172 S. W., 2d Series, 301.)

512

*Hughes, Hardeman & Wilson,* and *R. G. Hughes,* of San Angelo, for petitioner.

The Court of Civil Appeals erred in holding that the purchaser of the land at execution sale who credited the amount of her bid upon her judgment against D. L. Hess, did not take title to the land subject to the right of the debtor Hess and the executor as holder of the vendor's lien, which lien was of record at the time such judgment was abstracted, to renew and extend such lien so as to retain the priority of such lien over the rights and titles acquired by her purchase at the execution sale. Citizens State Bank of Clarinda v. Bel-Tex. Inv. Co., 123 S. W. (2d) 451; Baker v. West, 36 S. W. (2d) 695; Texas Land & Mortg. Co. v. Cohen, 159 S. W. (2d) 859.

*Collins, Jackson, Snodgrass & Blanks,* of San Angelo, for respondent.

The filing of an abstract of judgment some two months before the notes became barred neither prevented that abstract of judgment from becoming a prior lien upon the land after the notes did become barred nor prevented the execution sale held by virtue of a levy made after the notes had become barred from vesting title in the purchaser at the sale free of the barred lien. Yates v. Darby, 133 Texas 593, 131 S. W. (2d) 95; First State Bank & Tr. Co. of Rio Grande City v. Ramirez, 133 Texas 178, 126 S. W. (2d) 16.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit, on certain vendor's lien notes and to foreclose the lien securing the notes, was instituted by Robert Hughes, Independent Executor of the Estate of Mrs. Emma Cornell, deceased, against D. L. Hess, who had assumed the notes in question, and Noah Millsap, E. F. Richardson, and Mrs. Lela Viola Millsap Richardson. Upon trial without a jury, judgment was rendered for the plaintiff for the amount of the notes as against D. L. Hess, but foreclosure was denied. The judgment of the trial

court was affirmed by the Court of Civil Appeals. 166 S. W. (2d) 718.

The vendor's lien notes on which this suit was brought were originally executed in 1914, in part payment for 96 acres of land in Irion County, Texas. It is unnecessary to notice the transfers of the notes until October 25, 1930, on which date D. L. Hess, one of the defendants herein, assumed the balance due on said notes to the estate of Mrs. M. A. Smith, deceased, of which Jerry Monroe was then temporary administrator. This conveyance was filed for record on December 23, 1930. On December 18, 1931, by authority of the Probate Court, Jerry Monroe, Temporary Administrator, filed suit against D. L. Hess on the notes, and on the same day filed notice of lis pendens. On June 3, 1932, the suit was settled out of court by a compromise agreement, whereby D. L. Hess paid $500.00 interest on the notes, and executed, acknowledged, and delivered an extension agreement, which purported to extend the notes and lien, the notes to become due and payable June 1, 1934. This instrument was not filed for record until October 15, 1936. A report of this transaction, along with others, was filed in the Probate Court on September 19, 1932. This report was never, as far as the record shows, formally approved by the Probate Court. In fact the Probate Court in 1936 refused to approve the final account of Jerry Monroe as Administrator. However, on June 9, 1937, with the express approval of the Probate Court, the then Permanent Administrator sold said notes, along with other assets of the estate, to the present owners. If the agreement of June 3, 1932, is valid as an extension agreement, the note and lien would not have been barred until after June 1, 1938. The present suit was filed in 1937.

The title asserted by the defendant Mrs. Lela Viola Millsap Richardson (who is the real party defendant in so far as the foreclosure sought is concerned, Noah Millsap and E. F. Richardson being merely parties pro forma), arose in this manner: On February 6, 1933, Mrs. Richardson (then Lela Viola Millsap) recovered a judgment against J. H. Hess in a personal injury suit. An abstract of this judgment was issued and filed in Irion County on August 14, 1934. On January 8, 1935, the judgment lien having been kept in force, Mrs. Richardson caused an alias execution to be issued under her judgment against D. L. Hess, and the land involved in this suit was levied upon and purchased by Mrs. Richardson on February 5, 1935, for $250.00, which amount was credited on her judgment.

As stated above, suit was first filed on these notes and for foreclosure in 1937. In the first trial of the case, judgment was

for the plaintiff in the trial court. On the first appeal the Court of Civil Appeals, in an opinion reported in 146 S. W. (2d) 255, (Richardson v. Hughes), reversed the judgment of the trial court and remanded the case, holding that, in the light of the record then before the court, the temporary administrator was without authority to enter into the extension agreement of June 3, 1932, and that, consequently, the extension agreement was void. Since the court felt that the case had not been fully developed in the trial court as to the authority of the temporary administrator, it was remanded. On this first appeal the case was "Dismissed—Correct Judgment," by the Supreme Court. (136 Texas 419).

On the second trial of the case the plaintiff amended his pleadings, setting up as an alternative pleading that the purported extension agreement was effective as an acknowledgment in writing by the debtor of the justness of the debt, sufficient to toll the Statute of Limitation. He also set out an additional extension agreement, dated February 25, 1941, duly executed, acknowledged, and recorded, in which the maturity date of the notes was recited to be June 1, 1941.

Petitioner contends that the Court of Civil Appeals erred in holding that Mrs. Richardson, who purchased the lands involved at the execution sale by crediting the amount of her bid on her judgment against D. L. Hess, did not take title to the lands subject to the right of the debtor Hess and the holder of the vendor's lien to renew and extend such lien so as to retain the priority of same over the rights and title acquired by Mrs. Richardson at the execution sale, such lien being of record in the proper county and not being barred by limitation at the time said abstract of judgment was filed.

The instrument in writing signed by the debtor, Dr. D. L. Hess, dated June 3, 1932, and acknowledged before a notary public, describes the vendor's lien notes in controversy as being payable to the order of Mrs. Mattie A. Monroe (now Mrs. M. A. Smith), and recites that "Dr. D. L. Hess is the person obligated to pay said notes," and concludes with the statement "that the said parties do agree and contract that the dates of maturities of said notes are hereby extended to and shall hereafter read and be the 1st day of June, 1934, and that such vendor's lien shall continue and be in force for four years after the maturity of said notes as so renewed and extended."

Article 5520, Vernon's Annotated Civil Statutes, provides, among other things, that actions for foreclosure of vendor's

liens on real estate shall be commenced and prosecuted within four years, subject to certain exceptions.

Article 5522, Vernon's Annotated Civil Statutes, prescribes the general rule regarding how a debt and lien may be continued in force, and in part reads as follows:

"Provided the owner of the land and the holder of the note or notes may at any time enter into a valid agreement renewing and extending the debt and lien, so long as it does not prejudice the rights of lien holders or purchasers subsequent to the date such liens became barred of record under laws existing prior to the taking effect of, or under this Act: as to all such lien holders or purchasers any renewal or extension executed or filed for record after the note or notes and lien or liens were, or are, barred of record and before the filing for record of such renewal or extension, such renewal or extension shall be void."

Article 5539, Vernon's Annotated Civil Statutes, reads as follows:

"When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

In the case of Novosad v. Svrcek, 129 Texas 34, 102 S. W. (2d) 393, in construing Article 5522 of Vernon's Annotated Civil Statutes, this Court said:

"The rule is now settled that the vendee may execute an extension to the holder of the original vendor's lien notes without the consent of a party who holds a subsequent lien on the land, and said agreement is binding on the junior lienholder. Caffarelli Bros. v. Pearce et al (Tex. Com. App.) 34 S. W. (2d) 813; Howell et al v. Townsend (Tex. Civ. App., writ refused) 217 S. W. 975, and authorities cited therein; Wilkinson et al v. First Nat. Bank of Crosbyton, 118 Texas 202, 13 S. W. (2d) 346. It has also been held that where a party acquires a junior lien when the senior lien was in full force, and while the junior lien was in force, the first lien became barred by limitation and it was renewed and extended in writing, duly acknowledged and recorded, said renewal of the first lien would be binding on the junior lienholder. Caffarelli Bros. v. Pearce et al, supra; Howell et al v. Townsend, supra; T. A. Hill State Bank of Weimar et al v. Schindler et al (Tex. Civ. App.) 33

S. W. (2d) 833; Watson et al v. First Nat. Bank of Coleman (Tex. Com. App.) 285 S. W. 1050.

\* \* \* \* \* \*

"The primary objects of this article appear to be: (1) To protect a purchaser or lienholder for value and without notice from a prior lien upon land, when it appears from the record that such note or notes for which a prior lien was given are barred by limitation; and (2) not to protect the lienholder who acquires a lien with full knowledge of a valid existing prior lien, then in full force, from a renewal and extension of such prior lien by the owner of the land, although such renewal and extension may be executed either before or after such pior lien appears to be barred by limitations."

■ The instrument renewing and extending the vendor's lien notes by Hess met the requirements of the Statutes. 28 Texas Jurisprudence, pp. 252, 253, and 254, secs. 154, 155, and 156, and pp. 276 and 277, secs. 181 and 182; First Nat. Bank of Canyon v. Gamble, 134 Texas 112, 132 S. W. (2d) 100, 125 A. L. R. 265.

If the contract of extension is good as between the parties, it is good as to junior lienholders. R. B. Templeman & Son v. Kempner (Civ. App.), 223 S. W. 293 (writ refused). This is true even though the extension agreement is unrecorded. Wilkinson v. First Nat. Bank of Crosbyton, 118 Texas 202, 13 S. W. (2d) 346; Novosad v. Svrcek, 129 Texas 34, 102 S. W. (2d) 393.

■ The assumption of the notes by D. L. Hess was prior to the acquisition of any rights by Mrs. Richardson. By virtue of such assumption the notes would not have become barred of record until four years from October 25, 1930,—towit, October 25, 1934. While the records showed petitioner's indebtedness to be valid and subsisting, Mrs. Richardson on August 14, 1934, filed her abstract of judgment. It is therefore seen that when the abstract of judgment was filed, four years had not intervened since the date D. L. Hess assumed the payment of such notes, and same were then in full force and effect. Mrs. Richardson's rights originated when the abstract of judgment was filed. Baker v. West, 120 Texas 113, 36 S. W. (2d) 695; Brinkmann v. Tinkler (Civ. App.), 117 S. W. (2d) 139 (writ refused); Bankers Home B. & L. Assn. v. Wyatt, 139 Texas 173, 162 S. W. (2d) 694. Mrs. Richardson having bought the land at an execution sale, and having applied the purchase price to the payment of her debt, she is not a bona fide purchaser for value. Texas Jurisprudence, Vol. 43, pp. 638, 639, sec. 377;

Orme v. Roberts, 33 Texas 768; Grace v. Wade & Main, 45 Texas 522; First State Bank v. Jones, 107 Texas 623, 183 S. W. 874.

■ This Court, in a recent opinion by Chief Justice Moore, announced the rule that, "A subsequent purchaser ordinarily acquires only the rights, interests, or title of his predecessor, and unless he shows himself to be a bona fide purchaser he can take only such rights as his grantor had. Jackson v. Palmer, 52 Texas 427; Alford v. Cole (Tex. Civ. App.), 65 S. W. (2d) 813; 43 Tex. Jur., pages 313, 314." Hartel, Jr. v. Dishman, 135 Texas 600, 145 S. W. (2d) 865. Therefore Mrs. Richardson does not come within the first subdivision of the rule announced in the Novosad case.

■ It is contended by Mrs. Richardson that the extension agreement dated June 3, 1932, was void, because not authorized by the Probate Court. See Article 3379, Vernon's Annotated Civil Statutes. It is well to note that no one representing the estate or D. L. Hess makes such contention. D. L. Hess was sued on the vendor's lien notes by the temporary administrator, acting under authority of the Probate Court. Hess advantageously compromised such suit, and same was dismissed. Both the temporary administration and Hess accepted such compromise agreement. It was reported to the court, and had at least the tacit approval of the court. Hess held possession of the land, and enjoyed its use, and the temporary administrator retained the vendor's lien notes for the estate. Such action resulted in preventing the vendor's lien notes from becoming barred by the Statute of Limitation. Certainly Hess is in no position to question the validity of such extension agreement. See Morris v. Gaines, 82 Texas 255, 17 S. W. 538; Western Brokerage & Supply Co. v. Reclamation Co., 127 Texas 386, 93 S. W. (2d) 393; Gardner v. Platt (Civ. App.), 68 S. W. (2d) 297 (writ refused); Longbotham v. Levy (Civ. App.), 47 S. W. (2d) 1109 (writ refused); 31 C. J. S., Estoppel, p. 290, sec. 80. Afterwards some of the assets of the estate, including the vendor's lien notes in controversy, under approval of the Probate Court, were sold and transferred to petitioner.

■ It is quite clear that the estate surrendered certain valuable rights by accepting the compromise settlement. The temporary administrator was induced to accept such settlement in the belief that it was to the benefit of the estate. To now hold that the settlement agreement was void by virtue of Article 3379, Vernon's Annotated Civil Statutes, and that the estate acquired no

rights thereunder, and that the valid vendor's lien held to secure such notes was barred by the Statute of Limitation, would indeed, under all the facts and circumstances of this case, be inequitable, and would in effect accomplish what the statute limiting the power of a temporary administrator was designed to prevent, i. e., a dissipation of the assets of the estate. See Bond v. Terrell Cotton & Woolen Mfg. Co., 82 Texas 309, 18 S. W. 691; National Union Indemnity Co. v. Bruce Bros., 44 Ariz. 454, 38 Pac. (2d) 648. Restatement of the Law of Contracts, sec. 601, states the general rule of recovery on an illegal bargain as follows:

"If refusal to enforce or to rescind an illegal bargain would produce a harmful effect on parties for whose protection the law making the bargain illegal exists, enforcement or recission, whichever is appropriate, is allowed."

Mrs. Richardson succeeded to the rights of Hess, and under the facts of this case she should not be permitted to repudiate the agreement made by Hess, and recover the land under the Statute of Limitation. The contract of a temporary administrator to extend a note, as in this instance, is not such an illegal contract that it would give rise to no rights between the parties. On the contrary, contracts not made strictly in accordance with that statutes frequently give rise to material rights as between the parties that may be enforced. Simpkins, Administration of Estates (3d ed.), pp. 140, 142, secs. 101, 102; Wright v. Wright (Civ. App.), 155 S. W. 1015; Gregory v. Leigh, 33 Texas 813; Sherman v. El Paso Nat. Bank (Civ. App.), 100 S. W. (2d) 402 (writ dismissed); Brainerd v. Bute et al (Civ. App.), 44 S. W. 575; Millican v. McNeil, 102 Texas 189, 114 S. W. 106, 21 L. R. A. (N. S.) 60, 132 Am. St. Rep. 863, 20 Ann. Cas. 74,

Since the lien of Mrs. Richardson was acquired at a time when the first lien was not barred of record, and since the purchase at the execution sale was made at a time when there was a valid extension agreement existing between the parties, the rights of the holder of the vendor's lien notes remained superior to those of Mrs. Richardson. It follows that the trial court erred in denying petitioner a foreclosure of the vendor's lien sued for, and the Court of Civil Appeals erred in affirming that judgment. Therefore that part of the judgments of the Court of Civil Appeals and trial court is reformed so as to give petitioner a foreclosure of the vendor's lien described in said notes; and as reformed such judgments are hereby affirmed.

Opinion delivered May 26, 1943.

Rehearing overruled July 7, 1943.