M. Wiley CATLETT, Administrator of the Estate of Ernest Luther Catlett, Deceased, Appellant,

v.

Florence Iona CATLETT, Executrix of the Estate of Pharon C. Catlett, Deceased and the Federal Land Bank of Houston, Appellee.

No. 2–81–047–CV.

Court of Appeals of Texas, Fort Worth.

March 4, 1982.

Rehearing Denied March 25, 1982.

---

Steven J. Williams, Irving, for appellant.

Law Offices of John R. Lively and A. Bruce Wilson, Conrad Kasselman, Jr., Trickey & Trickey, and Richard Trickey, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from a consent judgment upon compromise and settlement made in open court.

Appellant asserts that his consent was withdrawn before judgment was rendered and complains of material variances between the original settlement agreement and the written judgment signed by the court.

Appellee contends that the judgment was rendered orally in open court and that any variances between it and the written judgment are not material.

We modify and affirm.

This is a suit for fraud, undue influence and conversion originally filed in Denton County and transferred to the court below on plea of privilege.

Trial to a jury began November 17, 1980.

On November 20, after plaintiff rested and prior to verdict, all parties and their attorneys announced in open court that they had agreed upon compromise and settlement.

Their agreement was dictated into the court's record at that time.

The findings of fact and conclusions of law subsequently filed by the court include the following:

"III.

"After Plaintiff had rested on November 20, 1980, the attorneys for the parties announced to the court that they had entered into a settlement agreement concerning all matters in dispute between the parties.

"IV.

"On November 20, 1980, in open court, the attorney of record for the Plaintiff read and entered in the record of this court the agreement of the parties.

"V.

"This agreement was read in open court and entered of record in the presence of the Plaintiff, M. WILEY CATLETT, the Defendant, FLORENCE IONA CATLETT, and the attorneys of record for the parties.

"VI.

"In open court on November 20, 1980, this court questioned Plaintiff, M. WILEY CATLETT, concerning whether he was in full agreement with the settlement which had been read into the record. The Court satisfied itself that M. WILEY CATLETT fully understood the agreement of settlement and he was in full agreement with the settlement on November 20, 1980.

"VII.

"In open court on November 20, 1980, this court questioned Defendant, FLORENCE IONA CATLETT, concerning whether she was in full agreement with the settlement which had been read into the record. The court satisfied itself that FLORENCE IONA CATLETT fully understood the agreement of settlement and she was in full agreement with the settlement on November 20, 1980.

"VIII.

"On November 20, 1980, after the agreement of the parties had been made in open court and entered of record, and after the court had questioned M. WILEY CATLETT and FLORENCE IONA CATLETT concerning their full agreement with the settlement that had been made in open court and entered of record, this court, in open court, pronounced the settlement to be the judgment of this court in this cause."

The record now before us contains defendants' exhibit 1, which the official court reporter certified, "is the complete, total and accurate transcription of the *agreement* dictated into the record at the time of trial in open court. . . ." (Emphasis added)

The record, however, does not contain a statement of facts from that trial or the settlement proceedings held on November 20.

Appellant has the burden to bring before the appellate court a record that shows error which requires a reversal. *The Englander Co., Inc. v. Kennedy*, 428 S.W.2d 806 (Tex.1968); *Helton v. Kimbell*, 621 S.W.2d 675 (Tex.App.—Fort Worth 1981, no writ).

On May 13, 1981 the probate court by which appellant had been appointed administrator of the estate of Ernest Luther Catlett, deceased, conducted a hearing upon appellant's motion for that court's approval of the November 20, 1980 settlement.

In its order dated May 14, 1981 the probate court finds that the settlement was fair, in the best interest of the estate, and that it was entered by the parties knowingly and freely.

The probate court's order approved, confirmed and *ratified* the settlement and is a final order.

On August 27, 1981 the trial court conducted a hearing on appellees' motion to enter the judgment in written form.

The only statement of facts in this record is the one transcribed at the August 27, 1981 hearing.

The written judgment in this cause was not signed by the court until September 15, 1981.

Appellant's first point of error is that final judgment was not *rendered* on November 20, 1980; that the date of *rendition* is September 15, 1981.

Additional findings of fact and conclusions of law are in the record as follows:

"IX.

"On August 27, 1981, came on to be heard Defendant's Motion to Enter Judgment in this cause and the court, having considered the pleadings, evidence, and arguments of counsel, makes the following Findings of Fact and Conclusions of Law:

"1. The Probate Court of Tarrant County, Texas in Cause No. 77–2726, IN RE: THE ESTATE OF ERNEST LUTHER CATLETT, on May 14, 1981, approved and confirmed the rendition of judgment made by this court on November 20, 1980, in this cause whereby this court pronounced the settlement agreement entered into by the parties as the rendered judgment in this cause.

"2. The Plaintiff did not appeal the Order of the Probate Court dated May 14, 1981 in Cause No. 77–2726, IN RE: THE ESTATE OF ERNEST LUTHER CATLETT, approving and confirming the rendition of judgment by this court and said Order of said Probate Court has become a final Judgment.

"3. On November 20, 1980, Plaintiff, M. WILEY CATLETT, was fully informed and fully and completely under-

stood the terms of the settlement agreement between the parties in this cause.

"4. On November 20, 1980, Plaintiff, M. WILEY CATLETT, was competent to enter into settlement negotiations and capable of understanding the nature of those negotiations and fully and completely understood the settlement agreement made by the parties in this cause. M. WILEY CATLETT'S approval of the settlement agreement on November 20, 1980, was made in open court and was his free act and deed. M. WILEY CATLETT'S consent to the settlement agreement made in open court on November 20, 1980, was not the result of any undue influence, fraud, misrepresentation, or mistaken belief.

"5. On November 20, 1980, Plaintiff, M. WILEY CATLETT, was in full and complete agreement with the terms of the settlement agreement between the parties in this cause.

"6. The settlement agreement between the parties in this cause was made in open court and was read into the record of this court on November 20, 1980.

"7. Plaintiff, M. WILEY CATLETT, was present in open court at the time the settlement agreement of the parties was made and read into the record of this court.

"8. After the agreement was read into the record, Plaintiff, M. WILEY CATLETT, pronounced in open court on November 20, 1980, that he was in full and complete agreement with the settlement agreement heretofore made in open court.

"9. On November 20, 1980, in open court from the bench, this court pronounced the agreement of the parties theretofore made in open court to be the judgment of this court in this cause and made said agreement the rendered judgment in this cause.

"10. The written judgment signed by this court on September 15, 1981, accurately, truly, fully and completely sets forth the settlement agreement made in open court by the parties and pronounced to be the rendered judgment in this cause by this court on November 20, 1980."

■ In the absence of a statement of facts from the November 20, 1980, trial proceedings, this court must presume that the trial court was presented on that date with probative evidence sufficient to support its findings. *Mays v. Pierce*, 154 Tex. 487, 281 S.W.2d 79 (1955).

■ *Rendition* is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. *Comet Aluminum Company, Inc. v. Dibrell*, 450 S.W.2d 56 (Tex.1970).

■ A judgment is *rendered* when the decision is announced in open court by the trial judge. *Dibrell*, supra.

Appellant's first point of error is overruled.

Under appellant's second point of error (and in supplemental point no. one), he argues that in January and February, 1981, he sent letters to inform the trial court that he no longer consented to the November 20 settlement. The letters were from the appellant, not his counsel of record.

Appellant reasons that because of his letters and the objections voiced by his counsel at the August 27, 1981, hearing, the trial court erred in *rendering* judgment on September 15, 1981.

We must reject that reasoning, since *rendition* of the judgment had occurred previously, November 20, with appellant's consent.

Appellant alternatively suggests that on November 20, he lacked the power to consent, because he had not then sought or received the probate court's authorization for his agreement to settle.

That the probate court had previously authorized appellant to file this suit on behalf of the estate is not in dispute.

■ When a personal representative of an estate, such as the appellant, deems it to be in the estate's best interest, he may compromise or settle the estate's litigation upon making written application to the probate court and obtaining an order granting such authority. Tex.Prob.Code § 234(a)(4).

Whether the probate court's order must precede the administrator's agreement to settle or, as in this case, may be an order of *ratification*, is not answered by section 234(a)(4).

■ We conclude that an administrator's unauthorized compromise and settlement of litigation in open court is an act that is voidable, but not void. *Hughes v. Hess*, 141 Tex. 511, 172 S.W.2d 301 (1943).

■ We hold that the appellant's lack of authorization to settle on November 20 was cured by the probate court's subsequent order ratifying the settlement.

The second point of error and supplemental point No. One are overruled.

Appellant's third point of error (and his supplemental points No. Two and Three) assert that the judgment signed September 15, 1981, contains material variances from the settlement dictated in open court on November 20, 1981.

■ It is necessary that the written judgment be in strict or literal compliance with the settlement and judgment rendered earlier in open court. *Vickrey v. American Youth Camps, Inc.*, 532 S.W.2d 292 (Tex. 1976).

The first variance alleged by appellant is the September 15, 1981, written judgment requirement that "all inheritance and estate taxes accruing by virtue of this judgment shall be the sole obligation of [appellant]."

Appellant correctly argues that the language of the November 20 settlement announced in open court identified his tax obligation as being all "inheritance or estate taxes accruing by virtue of this Judgment *to the estate of Ernest Luther Catlett*". (Emphasis added)

Appellant contends that the written judgment's omission of the words which limited his tax paying responsibility to those taxes which accrue to the estate must be viewed as fatal to the judgment.

We do not agree.

Where the record reflects a clerical variance between a judgment announced in open court and the judgment eventually signed by the trial judge, the appellate court is empowered to modify the judgment to correct the mistake. Tex.R.Civ.P. 435.

Whether such an error is clerical or judicial is a question of law. *Finlay v. Jones*, 435 S.W.2d 136 (Tex.1968).

The final entry in the trial court's findings of fact and conclusions of law is:

"IX.

\*   \*   \*   \*   \*   \*

"10. The written judgment signed by this court on September 15, 1981, accurately, truly, fully and completely sets forth the settlement agreement made in open court by the parties and pronounced to be the rendered judgment in this cause by this court on November 20, 1980."

This clearly reflects that the trial judge intended the September 15, 1981 written judgment to be the same as the judgment orally rendered on November 20, 1980.

■ We therefore conclude, as a matter of law, that the omission of the words which identified the taxes as those accruing to the estate was a clerical, not a judicial error.

Accordingly, we hold that the judgment should be modified to correct the clerical error by substituting the estate and inheritance tax language of the November 20 agreement for the paragraph by which the judgment adjudicated that tax obligation.

■ The second variance alleged by appellant is that the September 15, 1981, written judgment awards to the appellee Florence Iona Catlett, a certain $52,250.00 note receivable.

Appellant attacks this award on the ground that it was not mentioned in the November 20, 1980, settlement agreement.

The evidence in the record, however, shows no inconsistency between the oral and written judgments on this point.

In his second amended petition, which was his trial pleading, appellant claimed himself entitled to the subject note and sought to recover from Florence Iona Cat-

lett various monies she allegedly had collected on that note.

The November 20, 1980 settlement agreement contains the following clause:

"The [appellant] agrees individually as Wiley Catlett and as administrator of the Estate of Ernest Catlett, to dismiss all claims against Florence Catlett individually and as administrator of the estate of Pharon Catlett. . . ."

Appellant's claim against Florence on the note was thereby settled, and we hold that the language of the September 15, 1981, judgment which described the note terms and awarded it to Florence is not at variance with the November 20, 1980 settlement.

The final defect alleged by appellant is that the September 15, 1981 written judgment contains inadequate descriptions of lands therein transferred between the parties.

A property description in a deed, judgment, or other writing must be so definite upon its face, or in some other writing to which it refers, that the land can be identified with reasonable certainty. *Greer v. Greer*, 144 Tex. 528, 191 S.W.2d 848 (1946); *Wright v. City of Grand Prairie*, 624 S.W.2d 791 (Tex.App.—Fort Worth 1981, no writ).

At the August 27, 1981 hearing appellant offered a letter from a surveyor reciting difficulties encountered in his examination of "new" legal descriptions of the Aubry Catlett farm.

The letter was received in evidence over appellees' objection that it was hearsay, and it is the basis for appellant's complaint about the legal descriptions.

We observe that the letter does not state whether the "new" descriptions to which it refers are the same as the descriptions contained in the judgment.

We also view the letter as hearsay, and, as such, it would have no probative value even if admitted into evidence without objection. *Texas Co. v. Lee*, 138 Tex. 167, 157 S.W.2d 628 (1941); *Durant Chevrolet Co. v. Industrial, Etc.*, 624 S.W.2d 628 (Tex.App.—Fort Worth 1981, no writ).

Appellant's third point of error and his supplemental points No. Two and Three are overruled.

We modify the judgment rendered by the trial court by deleting the next-to-last paragraph which provides as follows:

"It is further ORDERED, ADJUDGED and DECREED that all inheritance and estate taxes accruing by virtue of this Judgment shall be the sole obligation of the Plaintiff."

and substituting the following in lieu thereof:

"It is further ORDERED, ADJUDGED and DECREED that all taxes to the federal government or state government for inheritance or estate taxes accruing by virtue of this judgment to the estate of Ernest Luther Catlett shall be the sole obligation of the estate of Ernest Luther Catlett."

Judgment of the trial court, as so modified, is affirmed.

Costs of the appeal are adjudged as follows: 50% to be paid by M. Wiley Catlett, Administrator of the Estate of Ernest Luther Catlett, deceased; and 50% to be paid by Florence Iona Catlett, Executrix of the Estate of Pharon C. Catlett, deceased, and The Federal Land Bank of Houston.