Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00067-CV

Pedro **ARIZOLA**, Sr.,
Appellant

v.

**TUTLE & TUTLE TRUCKING, INC.** and Robert Fergason,
Appellees

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 10-07-00081-CVL
Honorable Stella Saxon, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:        Karen Angelini, Justice
              Phylis J. Speedlin, Justice
              Rebecca Simmons, Justice

Delivered and Filed:  June 20, 2012

AFFIRMED

This appeal arises from negligence and wrongful death causes of action brought by V.A., a permanently incapacitated ward, and the estates of Manuel and Romen Arizola against appellees Tutle & Tutle Trucking, Inc. and Robert Fergason.  The parties agreed to a settlement; the La Salle County District Court rendered a final judgment approving the settlement and signed an agreed order dismissing with prejudice the negligence and wrongful death claims.  Appellant Pedro Arizola, Sr. appeals the district court's judgment and order, contending the court erred (1)

in dismissing the claims against appellees because the dependent administrators of the estates were without authority to compromise the estates, and (2) in rendering a Final Agreed Judgment approving the settlement agreement because the appointment of the ward's guardian of the estate was void. Alternatively, appellant requests a remand for new trial in the interest of justice. We affirm the trial court's order and judgment.

## BACKGROUND

This appeal addresses the actions of three different courts. The La Salle County District Court presided over V.A.'s and the estates' negligence and wrongful death causes of action against Fergason and Tutle & Tutle (collectively Tutle & Tutle). The Bexar County Probate Court presided over the guardianship proceedings involving V.A. The Webb County Court at Law presided over the dependent administration of the estates of Romen and Manuel Arizola.

Robert Fergason was driving Tutle & Tutle's tractor trailer through La Salle County, when he crossed a median, struck an oncoming car, and killed Manuel Arizola, his girlfriend, Joanna Sandoval, and their son, Romen Arizola.[1] The accident also left Manuel's sister, V.A.,[2] permanently injured. Pedro Sr. is Manuel's father and Romen's grandfather. Pedro Sr. is V.A.'s biological father, but his parental rights to V.A. were terminated over a year prior to the accident.

A few weeks after the accident, the Webb County Court appointed Manuel's brother, Rogelio Arizola, as dependent administrator of Manuel's estate. About a month later, the Bexar County Probate Court appointed David Balmer as guardian of V.A.'s estate. Several months

---

[1] In separate appeals that were pending at the time this opinion was issued, Pedro Sr. challenged the Webb County Court's orders regarding administration of Manuel's and Romen's estates. *See In re Arizola*, No. 04-12-00062-CV (regarding Manuel); *In re Arizola*, No. 04-12-00063-CV (regarding Romen).

[2] In another appeal, Pedro Sr. challenged the Bexar County Probate Court's order appointing V.A.'s guardian of the estate. *See In re Guardianship of V.A.*, No. 04-11-00058-CV, 2012 WL 1708029 (Tex. App.—San Antonio May 16, 2012, no pet. h.).

after the accident, the Webb County Court appointed Dora Sandoval, Romen's maternal grandmother, as dependent administrator of Romen's estate.

Romen's estate, Manuel's estate, V.A., and others sued Tutle & Tutle in La Salle County District Court. Before trial, Rogelio (as administrator of Manuel's estate), Sandoval (as administrator of Romen's estate), and Balmer (as guardian of V.A.'s estate) entered into settlement negotiations with Tutle & Tutle. On November 9, 2010, the Bexar County Probate Court signed an order approving the proposed settlement between V.A. and Tutle & Tutle. On December 15, 2010, the La Salle County District Court signed (1) a final judgment approving the settlement agreement, and (2) an order dismissing with prejudice the claims of the estates and the ward against Tutle & Tutle.

It is undisputed that the administrators of Manuel's and Romen's estates failed to obtain the Webb County Court's approval of the settlement agreement prior to the La Salle County District Court's final judgment and the court's dismissal of the claims against Tutle & Tutle. The Webb County Court approved and ratified the settlement on January 20, 2012.

Pedro Sr. appeals the La Salle County District Court's order dismissing the estates' claims against Tutle & Tutle and the court's final judgment approving the settlement.

### APPROVAL AND RATIFICATION OF THE SETTLEMENT AGREEMENT

Pedro Sr. contends that because the administrators of Manuel's and Romen's estates did not have prior authorization from the Webb County Court to enter into a settlement agreement with Tutle & Tutle, the La Salle County District Court erroneously granted an order dismissing the estates' claims against Tutle & Tutle.

## A. Standard of Review

When a party seeks to set aside a settlement agreement, a reviewing court generally reviews the trial court's decision to approve a settlement for an abuse of discretion. *See Hall v. Pedernales Elec. Coop., Inc.*, 278 S.W.3d 536, 539, 549 (Tex. App.—Austin 2009, no pet.) (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. Unit A 1982)); *In re Guardianship of Boatsman*, 266 S.W.3d 80, 88 (Tex. App.—Fort Worth 2008, no pet.); *Crouch v. Tenneco, Inc.*, 853 S.W.2d 643, 646 (Tex. App.—Waco 1993, writ denied).

## B. Texas Probate Code Section 234

The Probate Code requires a dependent administrator to file a written application and obtain the court's permission to "[m]ake compromises or settlements in relation to property or claims in dispute or litigation." TEX. PROB. CODE ANN. § 234(a) (West 2003); *San Antonio Sav. Ass'n v. Palmer*, 780 S.W.2d 803, 808 (Tex. App.—San Antonio 1989, writ denied); *see Catlett v. Catlett*, 630 S.W.2d 478, 482 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.). As dependent administrators, Rogelio and Sandoval were required to obtain the Webb County Court's approval to enter into a settlement agreement that compromised the estates of Manuel and Romen. *See* TEX. PROB. CODE ANN. § 234(a)(4). Thus, the controlling question in this case is whether the Webb County Court's approval must have preceded the estates' agreement to settle, or whether the Webb County Court's ex post facto approval that ratified the agreement was proper.

## C. The Probate Court's Approval and Ratification

In *Catlett v. Catlett*, the plaintiff and the defendant announced in open court that they had entered into a settlement agreement. *Catlett*, 630 S.W.2d at 480–81. Based on the announcements, the district court "pronounced the settlement to be the judgment of th[e] court." *Id.* at 481. The dependent administrator, who was the plaintiff in the lawsuit, failed to get prior

approval from the probate court to compromise the estate by entering into the settlement agreement. *Id.* About six months after the district court's pronouncement, the probate court "approved, confirmed and ratified" the settlement agreement. *Id.* After the probate court approved the settlement, the dependent administrator sought to withdraw his consent to the settlement. *Id.* at 482. On appeal, he argued that he lacked the power to enter into the settlement agreement because he failed to get prior approval of the agreement by the probate court. *Id.* at 482. The appellate court held "that an administrator's unauthorized compromise and settlement of litigation in open court is an act that is voidable, but not void." *Id.* at 483; *cf. Hughes v. Hess*, 141 Tex. 511, 513, 517, 172 S.W.2d 301, 302, 304–05 (1943) (refusing to declare a settlement agreement void where the probate court never "formally approved" of the agreement, but the agreement "had at least the tacit approval of the court"). The court further held that any error in failing to obtain prior approval from the probate court before entering into a settlement agreement "was cured by the probate court's subsequent order ratifying the settlement." *Catlett*, 630 S.W.2d at 483.

It is undisputed that neither dependent administrator obtained the Webb County Court's approval to enter into a settlement agreement with Tutle & Tutle prior to execution of the agreement. However, the Webb County Court subsequently heard the estates' Application[s] for Approval/Ratification of Settlement. After determining the agreement would be in the best interests of the estates, the Webb County Court approved and ratified the settlement agreement. We therefore conclude that any error in the La Salle District Court's dismissal of the estates' claims against Tutle & Tutle was cured by the Webb County Court's ratification of the settlement agreement. *See id.*; *cf. Hughes*, 172 S.W.2d at 304–05.

## COLLATERAL ATTACK

Pedro Sr. also collaterally attacks the Bexar County Probate Court's appointment of David Balmer as V.A.'s guardian of the estate. In a separate restricted appeal, Pedro Sr. made the same arguments he makes here challenging the probate court's jurisdiction. *See generally In re Guardianship of V.A.*, No. 04-11-00058-CV, 2012 WL 1708029 (Tex. App.—San Antonio May 16, 2012, no pet. h.). There, we concluded that Pedro Sr. failed to show error apparent on the face of the record; therefore, we affirmed the probate court's order appointing Balmer as guardian of V.A.'s estate. *Id.* at *6. Accordingly, we will not reverse the district court's final judgment based on Pedro Sr.'s collateral attack of the Bexar County Probate Court's jurisdiction over the guardianship proceedings of V.A.

## NEW TRIAL IN THE INTERESTS OF JUSTICE

Alternatively, Pedro Sr. requests this court to reverse the La Salle County District Court's judgment and remand the case for a new trial in the interest of justice. He contends that the underlying tort case, the dependent administration, and the guardianship proceedings were procured through barratry and that the tort case was settled for unconscionable sums. In support of his contention, Pedro Sr. cites a single case, *Champion International Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding) (per curiam). *Champion International* is distinguishable. There, the court addressed a writ of mandamus where the applicant sought relief from a trial court's grant of a new trial. *Id.* The trial court granted a mistrial and a new trial in the interest of justice because a judgment on the verdict could not be rendered with certainty based on the jury's answers to questions in the jury charge. *Id.* Here, we are not dealing with a mandamus, a trial court's grant of a new trial, or uncertain jury answers.

*Compare id.* Additionally, appellant cites no evidence in the appellate record[3] to support his claim that the interest of justice requires a remand for a new trial. *See* TEX. R. APP. P. 38.1 ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Accordingly, we decline to reverse the La Salle County District Court's judgment.

### CONCLUSION

The dependent administrators' unauthorized compromise and settlement of litigation was cured by the Webb County Court's ex post facto approval of the settlement agreement. Further, we previously held Pedro Sr. failed to show the Bexar County Probate Court lacked jurisdiction to appoint the guardian of V.A.'s estate. Finally, the interest of justice does not require remand for a new trial. Accordingly, we affirm the La Salle County District Court's Final Agreed Judgment and the court's order dismissing V.A.'s and the estates' claims against the appellees.

Rebecca Simmons, Justice

---

[3] In support of his allegation of barratry, Pedro Sr. cites to the affidavit of his son, Pedro Jr. The affidavit is contained in the appendix of Pedro Sr.'s appellate brief. We will not consider documents attached as appendices to an appellate brief that were not part of the appellate record. *See Brown v. McGonagill*, 940 S.W.2d 178, 179 (Tex. App.—San Antonio 1996, no writ).