



## OPINION

No. 04-10-00737-CV

**IN RE** Mary Amanda **TIPS**

Original Mandamus Proceeding[1]

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:  December 29, 2010

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On October 15, 2010, relator Mary Amanda Tips filed a petition for writ of mandamus,

complaining of the trial court's September 30, 2010 order granting real party in interest Carl

Wayne Tips' motion to disqualify counsel. We conditionally grant mandamus relief.

## BACKGROUND

The underlying proceeding is a divorce between relator Mary Amanda Tips and real party

in interest Carl Wayne Tips and a suit affecting the parent-child relationship. On February 5,

2010, during a hearing before the honorable Judge Karen Pozza, a discussion ensued regarding

---

[1] This proceeding arises out of Cause No. 2009-CI-17308, styled *In the Matter of the Marriage of Carl Wayne Tips and Mary Amanda Tips, and In the Interest of M.T.T. and T.T.T., Children*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Janet Littlejohn presiding.

watches Mary's counsel A.L. Hernden allegedly gave to the children the subject of the suit, allegations Hernden either gave, or encouraged, one of the children to take tennis lessons, and discussions Hernden previously had with the children. Hernden defended himself by saying the children are potential witnesses, to which the trial court responded, "Now so are you." On September 9, 2010, Carl filed a motion to disqualify Hernden as counsel of record for Mary based on Texas Rule of Disciplinary Procedure 3.08. The motion asserted Hernden must be disqualified because he may be called as a fact witness on any of the following issues:

> "(1) Were 'gifts' such as watches, and tennis lessons, actually given or promised to the Tips' children? (2) If so, what was the true nature and value of the gifts given to the children? (3) What was the motive behind giving of the gifts to the children? (4) Was there any improper motive (e.g., witness tampering or undue influence) behind the giving of the gifts to the children? (5) Did the giving of the gifts, in fact, have any influence or undue influence on the children that might affect the outcome of the case?"

On September 22, 2010, the Honorable Janet Littlejohn held a hearing on the motion. At the hearing, Carl relied on the transcript of the prior hearing conducted by Judge Pozza, arguing that because Hernden was now a potential witness, his disqualification from the case was warranted. At the conclusion of the hearing, the trial court orally granted the motion to disqualify, and on September 30, 2010 signed an order granting the same. This petition for writ of mandamus ensued.

## ANALYSIS

Mandamus relief is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *See In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004, orig. proceeding); *In re Sandoval*, 308 S.W.3d 31, 33 (Tex. App.—San Antonio 2009) (orig. proceeding). Disqualification is a severe remedy because it can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings. *In re Sanders*, 153

S.W.3d at 57. Courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic. *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding). The party moving for disqualification must establish with specificity a violation of one or more of the disciplinary rules. *Id.* Thus, mere allegations of unethical conduct or evidence showing only a remote possibility of a violation of the disciplinary rules are not sufficient to merit disqualification. *In re Sanders*, 153 S.W.3d at 57.

Rule 3.08 was "promulgated as a disciplinary standard rather than one of procedural disqualification, but [courts] have recognized that the rule provides guidelines relevant to a disqualification determination." *Id.* The rule provides as follows:

> A lawyer shall not . . . continue employment as an advocate before a tribunal in a . . . pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:
>
> (1) the testimony relates to an uncontested issue;
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
> (3) the testimony relates to the nature and value of legal services rendered in the case;
> (4) the lawyer is a party to the action and is appearing pro se; or
> (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. A (Tex. State Bar R. art. X, § 9).

The fact that a lawyer serves as both an advocate and a witness does not, standing alone, compel disqualification. *In re Sanders*, 153 S.W.3d at 57. Disqualification is appropriate only if the lawyer's testimony is "necessary to establish an essential fact on behalf of the lawyer's client." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a). Therefore, disqualification is

inappropriate under Rule 3.08 when opposing counsel merely announces their intention to call the attorney as a fact witness without establishing both a genuine need for the attorney's testimony and that the testimony goes to an essential fact. *In the Int. of A.M.*, 974 S.W.2d 857, 864 (Tex. App.—San Antonio 1998, no pet.). Also, the party moving for disqualification must show the opposing lawyer's dual roles as attorney and witness will cause the moving party actual prejudice. *In re Sanders*, 153 S.W.3d at 57; *Ayres v. Canales*, 790 S.W.2d 554, 558 (Tex. 1990) (orig. proceeding). Without these limitations, the rule could be improperly employed "as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08 cmt. 10 (stating that a lawyer "should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness").

Mary contends Carl failed to meet his burden under Rule 3.08. We agree and conclude there was no basis for disqualifying Hernden under Rule 3.08. First, Carl failed to meet his burden to establish Hernden's testimony is necessary to establish an "essential fact" on Mary's behalf. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a). As previously discussed, in the motion to disqualify, Carl claimed Hernden *may* be called as a fact witness regarding the gifts given to the children and whether or not the gifts influenced the children with regard to the case, but Carl never discussed whether Hernden's testimony is going to be necessary to establish an essential fact on Mary's behalf. Likewise, at the hearing, Carl's counsel argued Hernden is now a "potential witness," but never met his burden under Rule 3.08. In response to the petition for writ of mandamus, Carl asserted Hernden has personal knowledge of essential facts such as: (1) alleged conflict between Carl and his son; (2) communications between Carl and his daughter; and (3) information regarding gifts and alleged promises made by Hernden to the

- 4 -

children. Carl concludes that if Hernden remains on the case, the children's testimony will be influenced and Hernden will be called to testify. However, at no point in the proceedings did Carl establish Hernden's testimony will be necessary to establish an "essential fact" on Mary's behalf.

Finally, Carl failed to show Hernden's dual roles as attorney and witness would cause Carl actual prejudice. *See In re Sanders*, 153 S.W.3d at 57; *Ayres*, 790 S.W.2d at 558. In the motion to disqualify, Carl concluded that, as a matter of law, Hernden's dual roles will cause Carl actual prejudice. However, this statement is conclusory in nature and does not provide any evidence of actual prejudice. Likewise, at the hearing Carl failed to present evidence of actual prejudice. In his response filed in this court, Carl contends because Hernden admitted to the substantive basis of the motion to disqualify there is sufficient evidence of inherent prejudice or harm to Carl. He also contends there is no abuse of discretion because Mary failed to request any specific findings or prejudice and did not object to the form or content of the order. However, it was Carl's burden to show he would suffer actual prejudice. *In re Sanders*, 153 S.W.3d at 57. We conclude Carl failed to meet his burden, and, therefore the trial court abused its discretion in disqualifying Mary's attorney.

## CONCLUSION

As a result of the foregoing, we find the trial court erred in granting Carl's motion to disqualify Mary's attorney A.L. Hernden. Therefore, we CONDITIONALLY GRANT the petition for writ of mandamus and order the trial court to withdraw its September 30, 2010 order granting the motion to disqualify counsel. The writ will issue only if the trial court fails to comply with this order within fourteen days.

Catherine Stone, Chief Justice