

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00062-CV

**IN THE ESTATE OF** Manuel **ARIZOLA**, Deceased

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2010-PB4-000054
Honorable Alvino (Ben) Morales, Judge Presiding

and

No. 04-12-00063-CV

**IN THE ESTATE OF** Romen **ARIZOLA**, Deceased

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2010-PB4-000096
Honorable Alvino (Ben) Morales, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
    Marialyn Barnard, Justice
    Rebeca C. Martinez, Justice

Delivered and Filed:  April 24, 2013

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

This appeal arises from a tragic vehicular accident in which Pedro Arizola, Sr.'s son and grandson, Manuel and Romen Arizola, were killed. Pedro Sr. appeals numerous orders entered in two probate proceedings. His complaints generally concern the appointment of the administrators, the alleged disqualification of the administrators' attorney, the denial of discovery, and the ratification of a settlement.

We affirm the trial court's orders: (1) appointing the administrators; (2) denying the motions to remove the administrators; (3) denying the motions to disqualify the administrators' attorney; and (4) denying the motions to set aside an employment contract. We reverse the trial court's orders denying the motions to compel discovery and granting the motions to ratify the settlement, and we remand the cause to the trial court for further proceedings on those motions.

## BACKGROUND

### A.    *The Fatal Accident*

On July 3, 2010, Robert Fergason was driving a tractor trailer owned by Tutle & Tutle Trucking, Inc., when he crossed a median, struck an oncoming car, and killed Manuel Arizola, his girlfriend, Joanna Sandoval, and their son, Romen Arizola. The accident also left Manuel's sister, V.A., permanently injured and in need of lifetime institutional care. At the time of the accident, Manuel was twenty-one-years-old, V.A. was thirteen, and Romen was eleven months.

Pedro Sr. is Manuel's father and Romen's grandfather. Pedro Sr. is also V.A.'s biological father; however, his parental rights to V.A. were terminated over a year prior to the accident. The parental rights of V.A.'s biological mother also were terminated. At the time of the accident, V.A. was living with Manuel.

### B.    *Probate and Liability Proceedings*

On July 14, 2010, Manuel's brother, Rogelio Arizola, filed an application for letters of administration in Webb County. Rogelio's application did not list Pedro Sr. as one of Manuel's heirs. The application was properly served by posting citation. Manuel's mother, Marisa Garcia, signed a waiver and renunciation of right to letters of administration.

On July 19, 2010, Rogelio filed an application in Bexar County seeking to have David G. Balmer appointed as the permanent guardian of V.A.'s estate. Rogelio's older brother, Pedro Jr.,

signed a waiver and renunciation of the right to be appointed guardian. Balmer was subsequently appointed as V.A.'s permanent guardian.

On July 26, 2010, the Webb County court signed an order appointing Rogelio as administrator of Manuel's estate. The court also signed an order ratifying an employment contract entered into on July 7, 2010, by Rogelio, on behalf of Manuel's estate, and the "Law Offices of Hernandez and Castillo, P.C., Law Offices of John R. Solis, and Guerra and Mask."

Manuel's estate, Romen's estate, V.A., and others sued Tutle & Tutle in La Salle County District Court. Before trial, the parties discussed settlement, and a mediation was scheduled. Pedro Sr. was present at the mediation in relation to the wrongful death claim he asserted in connection with Manuel's death. The estates and the ward reached a settlement with Tutle & Tutle. Pedro Sr. did not settle his wrongful death claim.

On November 9, 2010, the Bexar County probate court approved the settlement. On December 1, 2010, Dora Sandoval, Romen's maternal grandmother, filed an application in Webb County for letters of administration, seeking appointment as the administratrix of Romen's estate. Pedro Sr. was listed as an heir in the application, and the application was properly served by posting citation. On December 14, 2010, the Webb County court signed an order appointing Dora as administratrix. On December 15, 2010, the La Salle County District Court signed: (1) a final judgment approving the settlement; and (2) an order dismissing with prejudice the claims of the estates and the ward against Tutle & Tutle. Rogelio and Dora did not obtain the Webb County court's approval of the settlement agreement before the La Salle County District Court entered its judgment and dismissal order; however, they subsequently filed motions requesting the Webb County court to ratify the settlement.

### C.   *Pedro Sr.'s Appeals of Probate Orders and Liability Settlement*

Pedro Sr. filed appeals in the La Salle County, Bexar County, and Webb County proceedings, challenging the settlement, the appointments, and other orders.[1]  Pedro Sr. also filed numerous motions in each of the Webb County proceedings, including a motion to compel discovery, a motion to remove Rogelio and Dora as administrators, a motion to disqualify Balmer as Rogelio and Dora's attorney, a motion to set aside the employment contract retaining the attorneys to represent the estates in the La Salle County proceeding, and an objection to the ratification of the settlement.

With regard to Pedro Sr.'s restricted appeal of the Webb County court's order appointing Rogelio as administrator of Manuel's estate, we dismissed the appeal for lack of jurisdiction, holding the order was interlocutory and not appealable.  *In re Estate of Arizola*, No. 04-11-00059-CV, 2011 WL 1852969 (Tex. App.—San Antonio May 11, 2011, no pet.) (mem. op.). This court also dismissed the appeal from the Webb County proceeding involving Romen's estate.  *In re Estate of Arizola*, No. 04-11-00066-CV, 2011 WL 2150346 (Tex. App.—San Antonio June 1, 2011, no pet.) (mem. op.).

On December 16, 2011, the Webb County court held a hearing on Pedro Sr.'s pending motions and on the motions to ratify the settlement.  With regard to the motions to compel discovery, Pedro Sr.'s attorney argued that Dora and Rogelio had been served with interrogatories, a request for production, and notice of deposition.  Pedro Sr.'s attorney argued the discovery was necessary with regard to the terms of the settlement and whether the settlement was in the estates' best interests.  Rogelio and Dora's attorney responded that Pedro

---

[1] This court affirmed the La Salle County judgment approving the settlement and dismissing the estates' and ward's claims.  *See Arizola v. Tutle & Tutle Trucking, Inc.*, No. 04-11-00067-CV, 2012 WL 2335995 (Tex. App.—San Antonio June 20, 2012, pet. denied) (mem. op.).  This court also affirmed the Bexar County probate court's order appointing Balmer as guardian of V.A.'s estate.  *In re Guardianship of V.A.*, 390 S.W.3d 414 (Tex. App.—San Antonio 2012, pet. denied).

Sr. was represented at the mediation with regard to his personal wrongful death claim and had all of the information he needed. Rogelio and Dora's attorney also argued that the administrators had the sole authority to settle the estates' claims; therefore, Pedro Sr., as an heir of the estate, was not entitled to discovery in relation to the settlement.

### D.      *Allegations of Barratry and Conflict*

With regard to the motion to set aside the employment contract retaining counsel to represent the estates in the La Salle County proceeding, Pedro Sr.'s attorney argued that the employment contract was a product of barratry referring to an affidavit of Pedro Jr. for support. Dora and Rogelio's attorneys responded that Pedro Jr. had renounced his affidavit and had pointed out to Pedro Sr.'s attorney, who drafted the affidavit, that it contained untruthful statements. Pedro Sr.'s attorney admitted during the hearing that he no longer represented Pedro Jr.

In relation to his motion to disqualify Balmer as the attorney representing Dora and Rogelio as administrators in the Webb County proceedings, Pedro Sr.'s attorney argued that Balmer had a conflict of interest because he also was the guardian of V.A.'s estate. With regard to his motion to remove Dora and Rogelio as administrators, Pedro Sr.'s attorney argued that they failed to obtain the Webb County court's approval of the settlement before the judgment was entered in the La Salle County proceeding. In his testimony at the hearing, Balmer clarified that he did not represent the estates in the La Salle County proceeding; instead, the estates had independent counsel. Balmer further testified that the Webb County court's prior approval of the settlement was not required since the court could ratify the settlement. Finally, Balmer noted that even if a conflict existed, the clients could waive the conflict.

At the end of the hearing, the trial court took all of the motions under advisement. With regard to the motion to ratify, the following discussion occurred at the conclusion of the hearing:

MR. RODRIGUEZ [Pedro Sr.'s counsel]: Okay. Hold on, Judge. I want to make sure that we're — I don't want to get an order ratifying it, Judge. Because if the Court is going to take up the ratification —
THE COURT: I'm going to take it up on another day. Didn't I tell you that?
MR. RODRIGUEZ: Yeah. Well, he just said something different.
THE COURT: How many times — I know what he said.
MR. RODRIGUEZ: Right.
THE COURT: You said things too that —
MR. RODRIGUEZ: I understand.
THE COURT: It works both ways. What else?
MR. RODRIGUEZ: The Court will give us fair notice —
THE COURT: Yes.
MR. RODRIGUEZ: — on the ratification?
THE COURT: Yes.

On January 5, 2012, the trial court sent Pedro Sr.'s attorney a letter requesting authority to support Pedro Sr.'s contention that he was entitled to an evidentiary hearing on the ratification issue. The attorneys for both parties filed responses and replies. On January 12, 2012, the trial court signed orders denying Pedro Sr.'s motions and ratifying the settlement.

## APPOINTMENT OF ADMINISTRATORS

### A.     *Jurisdictional Issue*

In addressing the Webb County court's orders appointing Rogelio and Dora as administrators, we first revisit our decision dismissing for want of jurisdiction the prior appeal of the order in regard to Rogelio's appointment. In dismissing the prior appeal, this court correctly stated the standard applicable for determining when orders in probate proceedings are appealable:

> Generally, appeals may be taken only from final judgments. *Brittingham–Sada de Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). "Probate proceedings give rise to a recognized exception to that general rule since multiple judgments may be rendered on discrete issues before the entire probate proceeding is concluded." *Fernandez v. Bustamante*, 305 S.W.3d 333, 337 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Brittingham*, 193 S.W.3d at 578). However, not every interlocutory order in a probate case is appealable. *Brittingham*, 193 S.W.3d at 578. Determining whether sufficient attributes of finality exist to confer appellate jurisdiction over an order arising from a probate proceeding depends on whether the order resulted from the adjudication of a

substantial right or disposed of all issues in a particular phase of the proceeding. *Id*. The Texas Supreme Court has adopted the following standard for determining jurisdiction:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). Thus, if there is no express statute, a probate court order is final and appealable only if it disposes of all parties or issues in a particular phase of the proceedings. *Id.* at 579. An order that does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings, is interlocutory. *Id.*

*In re Estate of Arizola*, 2011 WL 1852969, at *1. Although this court properly stated the standard, we then appear to have misapplied the standard in holding that the order appointing Rogelio as administrator was interlocutory. *See, e.g., In re Estate of Velvin*, No. 06-12-00062-CV, 2012 WL 3129133, at *4 (Tex. App.—Texarkana Aug. 1, 2012, no pet.) (orders removing an administrator and appointing successor administrator are final, appealable orders) (mem. op.); *Pine v. deBlieux*, 360 S.W.3d 45, 46–47 & n.1 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (noting order accepting initial administrator's resignation and appointing successor administrator was appealable); *In re Estate of Gober*, 350 S.W.3d 597, 598–99 & n. 1, 2 (Tex. App.—Texarkana 2011, no pet.) (construing order as appointing administrator and noting order was appealable); *Eastland v. Eastland*, 273 S.W.3d 815, 819 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding order appointing executor was appealable "because it 'finally adjudicates a substantial right'"); *In re Estate of Washington*, 262 S.W.3d 903, 905 (Tex. App.—Texarkana 2008, no pet.) ("order settling rights as executor is the end of a discrete phase of the probate proceeding and is thus final"); *In re Estate of Crenshaw*, 982 S.W.2d 568, 570 (Tex. App.—Amarillo 1998, no pet.) (holding order appointing executor was appealable); *In re Estate of*

*Vigen*, 970 S.W.2d 597, 598–99 (Tex. App.—Corpus Christi 1998, no pet.) (holding order denying party's application to be named executor was appealable). Based on the aforecited authority, it appears that an order appointing an administrator ends a phase of the proceedings in resolving the issue of who will represent the estate. *See De Ayala*, 193 S.W.3d at 579 (holding order that did not end a phase of the proceedings to be interlocutory). Because our prior decision does not affect our jurisdiction to consider the instant appeals, we need not further address it; however, we do question our prior holding.

**B.      *Failure to List Pedro Sr. as an Heir in Manuel's Application***

With regard to Manuel's estate, the sole complaint Pedro Sr. asserts concerning Rogelio's appointment is that the application did not list Pedro Sr. as an heir.[2] TEX. PROB. CODE ANN. § 82(e) (West Supp. 2012) (application for letters of administration must state name and relationship of each heir to the decedent). Even though we agree that the application was required to list Pedro Sr. as an heir, trial court error does not require reversal on appeal unless it probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1). In this appeal, Pedro Sr. does not: (1) challenge Rogelio's qualifications to serve as administrator; or (2) assert that he had the superior right to qualify. Instead, Pedro Sr. challenges Rogelio's actions with regard to the settlement; however, Rogelio's failure to list Pedro Sr. in the application did not affect Pedro Sr.'s ability to raise that challenge. Accordingly, Pedro Sr. was not harmed by Rogelio's failure to list him as an heir, and his complaint as to Rogelio's appointment is overruled. *See In re Estate of Ross*, 672 S.W.2d 315, 318 (Tex. App.—Eastland 1984, writ ref'd n.r.e.) (noting party could still contest validity of will in overruling challenge to absence of notice in probate proceeding).

---

[2] It is undisputed that Pedro Sr. is an heir to Manuel. *See* TEX. PROB. CODE ANN. § 3(o), 38(a)(2) (West 2003 & Supp. 2012).

*C.*      *Absence of Personal Service of Application in Romen's Estate*

With regard to Romen's estate, the sole complaint Pedro Sr. asserts concerning Dora's appointment is that he was not personally served with notice of the application. Section 128(a) of the Texas Probate Code, however, only requires service by the posting of citation, and the record shows that this requirement was satisfied. TEX. PROB. CODE ANN. § 128(a) (West 2012). Texas courts hold that posting notice of the application is sufficient to satisfy due process without giving personal notice. *Neill v. Yett*, 746 S.W.2d 32, 34 (Tex. App.—Austin 1988, writ denied); *In re Estate of Ross*, 672 S.W.2d at 318. Therefore, Pedro Sr.'s complaint about Dora's appointment is overruled.

MOTION TO SET ASIDE ORDER APPROVING EMPLOYMENT CONTRACT

Pedro Sr. asserts the trial court erred in denying his motion to set aside the court's order approving a contingent fee agreement because it was the product of barratry. Pedro Sr. cites no authority in support of this contention in his brief. Accordingly, he has waived the claimed error. TEX. R. APP. P. 38.1(i); *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983); *Prize Energy Res., L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 562 (Tex. App.—San Antonio 2011, no pet.).

Even if we were to consider the merits of Pedro Sr.'s issue, "[b]arratry is the solicitation of employment to prosecute or defend a claim with intent to obtain a personal benefit." *State Bar of Tex. v. Kilpatrick*, 874 S.W.2d 656, 658 n.2 (Tex. 1994). "Any contract for legal services is voidable by the client if it is procured as a result of conduct violating the laws of this state or the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas regarding barratry by attorneys or other persons." TEX. GOV'T CODE ANN. § 82.065(b) (West Supp. 2012). The client may void a contingent fee contract that violates section 82.065 by expressing his intent to do so before the attorney has fully or substantially performed. *Cobb v. Stern, Miller & Higdon*, 305 S.W.3d 36, 42 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Tillery & Tillery v.*

*Zurich Ins. Co.*, 54 S.W.3d 356, 359 (Tex. App.—Dallas 2001, pet. denied). After the attorney has fully performed the contract, however, the client is estopped from voiding the contract. *Enochs v. Brown*, 872 S.W.2d 312, 317 (Tex. App.—Austin 1994, no writ); *see also Tillery & Tillery*, 54 S.W.3d at 359.

In this case, the client did not seek to void the contingent fee agreement because Pedro Sr. was not the client. Moreover, the contingent fee agreement was fully performed before Pedro Sr. filed his motion to set aside the contract. At the time Pedro Sr. filed his motion, the parties had mediated, the settlement had been reached, and the La Salle County District Court had entered its judgment approving the settlement and dismissing the estates' claims. Accordingly, even if we assume Pedro Sr. had standing to challenge the contingent fee agreement, his challenge is overruled because the contract was already fully performed before the trial court's hearing on his motion. *Tillery*, 54 S.W.3d at 359; *Enochs*, 872 S.W.2d at 317.

### REMOVAL OF ADMINISTRATORS

The only citation contained in Pedro Sr.'s brief to support the issue presented on appeal regarding the removal of the administrators is a reference to section 234(a)(4), requiring the probate court's prior approval before settling and dismissing the estates' claims. Accordingly, appellees contend Pedro Sr. has waived the claimed error due to inadequate briefing. TEX. R. APP. P. 38.1(i); *Trenholm*, 646 S.W.2d at 934; *Prize Energy Res., L.P.*, 345 S.W.3d at 562. We nonetheless address the merits of Pedro Sr.'s issue.

Section 222 of the Texas Probate Code lists the grounds for which an administrator may be removed. TEX. PROB. CODE ANN. § 222 (West Supp. 2012). Neither Pedro Sr.'s brief nor his motion cites section 222. In his motion to remove Rogelio and Dora as administrators, Pedro Sr. asserted that the administrators' dismissal of the estates' claims without prior court approval of the settlement required their removal because they had "engaged in mismanagement, betrayed

the trust and fiduciary duties owed to the Estate[s], and [had] misapplied, wasted, and embezzled assets of the Estate." Section 222(a)(F) allows a court to remove an administrator who has misapplied or embezzled all or any part of the property committed to the administrator's care. TEX. PROB. CODE ANN. § 222(a)(F) (West Supp. 2012). Clear and convincing evidence is required to remove an administrator under this provision. *Id.* at § 222(a)(2).

Because the standard of proof is the heightened clear and convincing standard, the standard of appellate review is also heightened. *City of Keller v. Wilson*, 168 S.W.3d 802, 817 (Tex. 2005). "In a legal sufficiency review, a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). In a factual sufficiency review, a court of appeals must "consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

In this court's prior decision affirming the La Salle County District Court's judgment approving the settlement and dismissing the estates' claims, we recognized our sister court's decision in *Catlett v. Catlett*, 630 S.W.2d 478 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.), noting:

> In *Catlett v. Catlett*, the plaintiff and the defendant announced in open court that they had entered into a settlement agreement. *Catlett*, 630 S.W.2d at 480–81. Based on the announcements, the district court "pronounced the settlement to be the judgment of th[e] court." *Id.* at 481. The dependent administrator, who was the plaintiff in the lawsuit, failed to get prior approval from the probate court to compromise the estate by entering into the settlement agreement. *Id.* About six months after the district court's pronouncement, the

> probate court "approved, confirmed and ratified" the settlement agreement. *Id.* After the probate court approved the settlement, the dependent administrator sought to withdraw his consent to the settlement. *Id.* at 482. On appeal, he argued that he lacked the power to enter into the settlement agreement because he failed to get prior approval of the agreement by the probate court. *Id.* at 482. The appellate court held "that an administrator's unauthorized compromise and settlement of litigation in open court is an act that is voidable, but not void." *Id.* at 483; *cf. Hughes v. Hess*, 141 Tex. 511, 513, 517, 172 S.W.2d 301, 302, 304–05 (1943) (refusing to declare a settlement agreement void where the probate court never "formally approved" of the agreement, but the agreement "had at least the tacit approval of the court"). The court further held that any error in failing to obtain prior approval from the probate court before entering into a settlement agreement "was cured by the probate court's subsequent order ratifying the settlement." *Catlett*, 630 S.W.2d at 483.

*In re Estate of Arizola*, 2012 WL 2335995, at 2. In this case, the administrators filed a motion seeking ratification by the Webb County court. Although seeking prior approval may be a better approach in these circumstances, seeking ratification has been recognized by this court as an alternative approach. *See id.* Because seeking ratification rather than obtaining prior approval of a settlement is not clear and convincing evidence of the misapplication or embezzlement of the estates' property, the Webb County court properly denied Pedro Sr.'s motion to remove the administrators.

MOTION TO DISQUALIFY ADMINISTRATORS' ATTORNEY

Pedro Sr. asserts the trial court erred in denying his motion to disqualify Balmer as the administrators' attorney. Although Pedro Sr.'s brief contains many assertions relating to disqualification, the only contention for which his brief contains any supporting citations is his contention that Balmer, as the guardian for V.A.'s estate, should be disqualified because his testimony may be necessary to establish an essential fact on the administrators' behalf. Accordingly, this is the only contention we consider on appeal. *See* TEX. R. APP. P. 38.1(i); *Trenholm*, 646 S.W.2d at 934; *Prize Energy Res., L.P.*, 345 S.W.3d at 562.

We review a trial court's denial of a motion to disqualify counsel under an abuse of discretion standard. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004). Disqualification of an attorney is a severe remedy. *Id*. at 57. "Disqualification is a measure that can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings." *Id*. "Thus, mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice to merit disqualification." *Id*. (internal quotations omitted). "The fact that a lawyer serves as both an advocate and a witness does not in itself compel disqualification." *Id*. "Disqualification is only appropriate if the lawyer's testimony is necessary to establish an essential fact." *Id*. "Consequently, the party requesting disqualification must demonstrate that the opposing lawyer's dual roles as attorney and witness will cause the party prejudice." *Id*. "Without these limitations, the rule could be improperly employed as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." *Id*.

Pedro Sr.'s motion to disqualify generally states that Balmer "has personal knowledge of essential facts and *may* be called as a witness." (emphasis added). Neither the motion nor Pedro Sr.'s brief identify the "essential facts" for which Balmer's testimony will be "*necessary*." *In re Sanders*, 153 S.W.3d at 57; *In re Tips*, 341 S.W.3d 30, 33 (Tex. App.—San Antonio 2010, orig. proceeding) (holding trial court abused its discretion in granting motion to disqualify where movant failed to establish attorney's testimony would be necessary to establish essential fact but motion stated only that attorney "may be called as a fact witness"). Furthermore, although Pedro Sr.'s motion stated that Balmer's role as both an advocate and witness would cause actual prejudice, "this statement is conclusory in nature and does not provide any evidence of actual prejudice." *In re Tips*, 341 S.W.3d at 33.

Although Balmer might have been required to testify with regard to the settlement of V.A.'s claim, Pedro Sr. has not demonstrated that Balmer's testimony is necessary to establish an essential fact pertaining to the ratification of the estates' settlement. Instead, Pedro Sr. asserts "mere allegations" that Balmer "may" be called as a witness without identifying any "essential fact" for which Balmer's testimony would be "necessary." *See In re Sanders*, 153 S.W.3d at 57; *In re Tips*, 341 S.W.3d at 33. Based on the record presented, the trial court did not abuse its discretion in denying the motion to disqualify.

### DISCOVERY

With regard to the trial court's order denying Pedro Sr.'s motion to compel discovery, the scope of discovery is within the trial court's discretion. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009). Accordingly, we review a trial court's order denying a motion to compel discovery under an abuse of discretion standard. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009). "A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id*.

Discovery requests must be reasonably tailored to include only relevant matters. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 (Tex. 1999). The trial court has broad discretion to impose limits on discovery and to determine whether discovery requests are unreasonable. *Id*. at 181.

Although Pedro Sr. argued that discovery was necessary with regard to the terms of the settlement, not all of his discovery requests were reasonably tailored for this purpose.[3] For example, his requests for production include requests for: (1) copies of all correspondence between the administrators and all of the estates' attorneys; (2) copies of the attorneys' complete

---

[3] Pedro Sr.'s attorney acknowledged at the hearing before the trial court that objections had been filed to the discovery; however, those objections are not contained in the appellate record.

files with regard to the estates; (3) receipts for all cash given to the administrators by anyone from July 1, 2010 to the present; and (4) copies of all of the administrators' telephone records from July 1, 2010, to the present. Although the foregoing requests were not reasonably tailored, both the interrogatories and the requests for production also contain requests for information relating to the settlement and the expenses paid therefrom, and the documents evidencing the settlement.

"[T]he ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (internal citations omitted). Section 10 of the Probate Code states, "Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits." TEX. PROB. CODE ANN. § 10 (West 2003). The term "person interested" includes heirs, and, as previously noted, Pedro Sr. is an heir of the estates. *See* TEX. PROB. CODE ANN. § 3(r) (West Supp. 2012). Although the trial court was within its discretion in determining that some of the discovery requests were unreasonable, the trial court abused its discretion in denying all discovery pertaining to the settlement which was the subject of the proceeding that Pedro Sr. was contesting. *See In re Colonial Pipeline Co.*, 968 S.W.2d at 941 (noting party is entitled to full and fair discovery); TEX. PROB. CODE § 10. Therefore, the trial court abused its discretion in denying Pedro Sr.'s motions to compel discovery in their entirety.

## RATIFICATION

Pedro Sr. asserts two complaints with regard to the order ratifying the settlement. First, he contends no evidence supports the trial court's finding that the settlement was in the estates' best interests. Second, he asserts that he was deprived of his right to an evidentiary hearing.

*A.      Sufficiency*

"Evidence is legally sufficient if it 'would enable reasonable and fair-minded people to reach the verdict under review.'" *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). "We 'credit favorable evidence if reasonable [factfinders] could, and disregard contrary evidence unless reasonable [factfinders] could not.'" *Id.*

At the hearing before the trial court, the administrators' attorney stated:

> Now, a little bit of background. You've got two estates in front of you. So you have part of the settlement in front of you. Another settlement, all arising out of the same thing, involved [V.A.], who was the sister of Manuel. She was catastrophically injured and her guardianship proceeding is in Bexar County, and when we get to the settlement and the approval of it, what you're going to see is, the vast majority of the funds went to [V.A.]. She is a quadriplegic. She is, I think, fourteen years old now, who'll be institutionalized for the rest of her life. So as they were settling this case, they decided that those were the claims that had the most values [sic] and so most of the settlement funds went to [V.A.].
> Pedro, Sr., while he mentioned that he is the father of Manuel, Pedro Sr. also is the father of [V.A.]. Or he's the biological father. He had his parental rights terminated and what you really have going on there, Your Honor, is a father, who had his rights terminated, who's trying to undo a settlement that benefits his daughter to a great extent. And the reason he wants to [do] that is because he's an heir to the estates of Manuel and Romen and it's just a money fight to get his own. So he's trying to increase those. So they're trying to undo this settlement based on that.

Although these statements were made in the context of the attorney's arguments at the hearing, the arguments contained factual statements relating to the settlement which this court can consider as evidence. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (party waives objection to attorney's statements not being under oath by failing to object when the party knows or should know that an objection is necessary). In addition to the factual statements made by the administrators' attorney, Pedro Sr.'s attorney acknowledged at the hearing that the settlement funds were limited. Finally, the record contains evidence that the estates received approximately $25,000 each. Accordingly, the record contains some evidence that the settlement was in the

estates' best interests given that the settlement funds were limited and V.A.'s claim had the most value.[4]

## B.    *Evidentiary Hearing*

Pedro Sr. also complains about the trial court's refusal to hold an evidentiary hearing on the motion to ratify. As previously noted, the trial court assured Pedro Sr.'s attorney that such a hearing would be held before a ruling was made at the conclusion of the hearing:

> MR. RODRIGUEZ: Okay. Hold on, Judge. I want to make sure that we're — I don't want to get an order ratifying it, Judge. Because if the Court is going to take up the ratification —
> THE COURT: I'm going to take it up on another day. Didn't I tell you that?
> MR. RODRIGUEZ: Yeah. Well, he just said something different.
> THE COURT: How many times — I know what he said.
> MR. RODRIGUEZ: Right.
> THE COURT: You said things too that —
> MR. RODRIGUEZ: I understand.
> THE COURT: It works both ways. What else?
> MR. RODRIGUEZ: The Court will give us fair notice —
> THE COURT: Yes.
> MR. RODRIGUEZ: — on the ratification?
> THE COURT: Yes.

Moreover, as previously noted, section 10 of the Texas Probate Code states, "Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits." TEX. PROB. CODE ANN. § 10 (West 2003). One court has stated that section 10 means "that any interested party may file opposition to a particular proceeding before the court and a hearing must be had thereon before any issue in that proceeding is decided by the court." *Wagner v. Duncan's Estate*, 546 S.W.2d 859, 863 (Tex. Civ. App.—Dallas 1977, no writ). Another court has stated that the requirement

---

[4] At the hearing, the administrators' attorney referred to a trial brief being filed the morning of the hearing to which the settlement documents were allegedly attached; however, neither the trial brief nor the settlement documents are contained in the appellate record. Moreover, although the trial court took judicial notice of its files, we can consider only the portions of those files that are included in the appellate record.

of an evidentiary hearing under a different section of the probate code was consistent with section 10 which "specifies that contestants in probate proceedings may introduce and procure the testimony of witnesses." *Estate of Nelson v. Neal*, 764 S.W.2d 322, 325 (Tex. App.—Texarkana 1988), *aff'd*, 787 S.W.2d 343 (Tex. 1990).

Because Pedro Sr. filed an opposition to the ratification of the settlement, and given the trial court's assurances that an evidentiary hearing would be held before a ruling was made on the motion to ratify the settlement, we hold the trial court erred in failing to conduct such a hearing. Accordingly, we reverse the trial court's orders granting the administrators' motions to ratify the settlement, and we remand the cause to the trial court for an evidentiary hearing on those motions.

## CONCLUSION

The trial court's orders denying Pedro Sr.'s motions to compel discovery and granting the administrators' motions to ratify the settlement are reversed, and the cause is remanded to the trial court for further proceedings on those motions. The remaining orders challenged in these appeals are affirmed.

Catherine Stone, Chief Justice