In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00005-CV
_____

IN THE ESTATE OF ANDREW TRAVIS OTTO

On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Cause No. 11-27699-P

MEMORANDUM OPINION

In this appeal, the decedent's children challenge the trial court's approval of the dependent administrator's decision to use the proceeds of the estate to pay off a reverse mortgage without first having required the mortgagee to file a claim against the estate. The decedent's children challenged the decision by appealing the trial court's order approving the administrator's final account, which discharged the administrator from any further duties to the estate. The decedent's children did not appeal from the order confirming the sale of the property, which authorized the administrator to use the proceeds of the estate to pay the mortgage.

Because the appellants allowed the order confirming the sale of the property to become final, we hold they may not attack the trial court's decision confirming the sale through an appeal of the trial court's order approving the administrator's final account. As none of the appellants' issues assign reversible error to the order at issue in this appeal, the trial court's order approving the final accounting is affirmed.

## Background

In May 2011, the trial court appointed William Fowler to serve as the dependent administrator of the Estate of Andrew Travis Otto. In June 2011, Fowler filed an application with the trial court requesting that the trial court authorize the sale of Otto's home. *See* Tex. Estates Code Ann. § 356.251 (West 2014).[1] In the application, Fowler explained the home was subject to a reverse mortgage executed by Otto and his spouse. Additionally, the application Fowler filed states that "it is necessary to sell the [home] in order to pay the outstanding mortgage

---

[1]When the matters discussed in the opinion were before the trial court, the Texas Probate Code applied. Effective January 1, 2014, the Probate Code was repealed; it was substantially replaced by the new Texas Estates Code. *See* Act of May 26, 2009, 81st Leg., R.S., ch. 680, 2009 Tex. Gen. Laws 1512, 1512-1732 (§§ 10-12 reflect the effective date of the Texas Estates Code and the repeal of the Texas Probate Code), *amended by* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, 2011 Tex. Sess. Law Serv. 1901, 1901-2095 (West); Act of May 9, 2013, 83rd Leg., R.S., ch. 161, art. 6, 2013 Tex. Sess. Law Serv. 623, 633-657 (West). We cite to the Estates Code, as it provides the provisions that are relevant to the issues that have been appealed.

debt." The record does not show that Otto's children lodged objections to Fowler's suggestion that the property be sold so the mortgage could be paid. *See id*. §§ 356.253-.254 (West 2014).

In June 2011, the trial court approved the sale, noting in the order that "the sale is necessary and advisable in order to dispose of the Estate's interest in the Property in order to pay the outstanding mortgage on the real property[.]" *See id*. § 356.256 (West 2014). Following the sale of the home, Fowler filed a report of the sale. *See id*. § 356.551 (West 2014). With the report, Fowler included a copy of the settlement statement that shows a portion of the proceeds from the sale was used to satisfy the mortgage. The settlement statement contains Fowler's representation that the settlement statement is true and correct, and the report shows the net proceeds that the estate received from the sale.

Otto's children did not object to Fowler's report of the sale within the statutory period allowed for filing such objections. *See id*. § 356.552-.556 (West 2014). In July 2011, the trial court confirmed the sale of Otto's home. *See id*. § 356.556.

In August of 2012, Fowler sought to resign and be discharged from his duties as the administrator of Otto's estate. Later that month, Otto's children filed objections to Fowler's final account and fee application, but they did not lodge any objections to Fowler's use of a portion of the proceeds of the sale to pay the

3

mortgage. In January 2013, Otto's children filed additional objections, including an objection that Fowler had used a portion of the proceeds from the sale to pay the reverse mortgage that encumbered Otto's home.

After conducting a hearing on Fowler's request to be discharged as the administrator of Otto's estate and on the objections to his discharge, the trial court approved Fowler's final accounting and discharged Fowler from his duties. Otto's children filed a timely notice of appeal from the trial court's order approving the final accounting and discharging Fowler from his duties to administer the estate. *See* Tex. R. App. P. 26.1.

## Issues

In their first issue, Otto's children contend that the trial court's order of December 2013 discharging Fowler as the administrator of Otto's estate should be reversed because the trial court failed to honor their request to file findings of fact and conclusions of law. They assert that the trial court's failure to honor their request for findings harmed them because without such findings, they must "'guess' as to what facts the Trial Court found and what theory the Trial Court based its ruling upon." In issue two, Otto's children argue that the order of December 2013 should be reversed because Fowler, while acting as the administrator of the Estate, paid the reverse mortgage before a determination was made that it was a valid claim.

Discussion

First, we consider the complaint that Otto's children raise in issue two in deciding whether they can attack the trial court's July 2011 order confirming the sale of Otto's home that became final in August 2011. In issue two, they attack the trial court's decisions rendered in July 2011.

In his brief, Fowler suggests that we do not have jurisdiction over the appeal. We disagree, as the trial court's December 2013 order concluded a discrete phase of the probate proceeding, so it is both final and appealable. *See In re Estate of Arizola*, 401 S.W.3d 664, 669-70 (Tex. App.—San Antonio 2013, pet. denied) (explaining that in probate proceedings, orders that adjudicate a substantial right or dispose of all issues in a particular phase of the proceedings are final and appealable); *see also Cook v. Wilmeth*, 166 S.W.2d 359, 362 (Tex Civ. App.— Eastland 1942, no writ) ("The orders of the probate court accepting the resignation of an administrator and approving the final account of the resigning administrator are judgments [and] [a]ny person interested in the estate who was dissatisfied with such an order had the right to appeal[.]").

Additionally, we note that the trial court's July 2011 order approving the sale of Otto's home ended a discrete phase of the probate proceeding. In its July 2011 order, the trial court adjudicated any claims that Otto's children could have raised concerning Fowler's right to sell Otto's home and to apply the proceeds

5

from the sale to pay the mortgage. Under the Texas Estates Code, "[t]he court's action in confirming . . . a report of a sale has the effect of a final judgment. Any person interested in the estate . . . is entitled to have an order entered under this section reviewed as in other final judgments in probate proceedings." Tex. Estates Code Ann. § 356.556(c). Because the trial court's July 2011 order was final and appealable, Otto's children were required to timely appeal from that order to prevent it from becoming final with respect to the matters that were resolved by that order. *See* Tex. R. App. P. 26.1.

In this case, Otto's children objected only to Fowler's final account, not to his request to sell the real property or to his report of the sale. "'[T]o preserve the sanctity of judgments[,]'" the doctrine of res judicata bars subsequent collateral attacks on final judgments. *Matthews Constr. Co., Inc. v. Rosen*, 796 S.W.2d 692, 694 (Tex. 1990) (citing *Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 642 (Tex. 1971)). The complaints that Otto's children raise in their appeal pertain to the satisfaction of the mortgage on Otto's home, an event that occurred approximately two and one-half years before the trial court approved the final account. Matters related to the sale of the home and the payment of the mortgage concern decisions the trial court approved in July 2011. Therefore, although we have jurisdiction to

6

review the trial court's December 2013 order,[2] the complaints that Otto's children raise in their appeal concern matters that were finally resolved. As the July 2011 order was not appealed, the order became final thirty days after the order was rendered. *See* Tex. R. App. P. 26.1. Otto's children may not now complain about the matters resolved by the July 2011 order, as they allowed the July 2011 order to become final. We overrule issue two.

Next, we address the consequences of the trial court's failure to make findings of fact and conclusions of law following its rendition of its December 2013 order. According to Fowler, the trial court was not required to provide findings or conclusions because the hearing on the objections and approval of his final accounting was not a trial.

In this case, the issues that Otto's children raise in their appeal regarding the merits of the trial court's December 2013 order concern matters that relate solely to the trial court's order authorizing Fowler to use a portion of the proceeds from the

---

[2]Upon the resignation of an administrator, the administrator must file with the trial court an application accompanied by a verified exhibit and final account of the status of the estate. Tex. Estates Code Ann. § 361.001 (West 2014). After proper citation has been issued, the trial court shall then conduct a hearing regarding the exhibit and final account, including hearing evidence against its approval. *Id.* § 361.004 (West 2014). If the trial court is satisfied that the administrator has complied with all of the orders of the court, the trial court can then enter an order accepting the resignation of the administrator, and it is authorized to discharge the administrator and the surety. *Id.* § 361.005 (West 2014).

sale of Otto's home to satisfy the mortgage. Even if we assume the trial court was required to render findings and conclusions in response to the request that Otto's children made for them, the error must be shown to have been harmful. Tex. R. App. P. 44.1. In this case, the issue Otto's children raise in their appeal attacks the trial court's order confirming the sale of Otto's home, an order they allowed to become final in 2011. Thus, findings regarding the matters that Otto's children have raised in this appeal would not be relevant to the trial court's order approving Fowler's final account. They have not explained how the findings would be relevant to any other issue they would have pursued in their appeal. We conclude that the error, if any, in the trial court's failure to provide the appellants with findings and conclusions was not harmful. *See* Tex. R. App. P. 44.1. We overrule issue one. As Otto's children raise no issues that relate to the December 2013 order, the December 2013 order is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 15, 2014
Opinion Delivered April 23, 2015

Before McKeithen, C.J., Horton and Johnson, JJ.

8