

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00601-CV

**IN RE SYNERGY NATURAL RESOURCES, LLC,** Trailers for Less, and Gary M.
Riebschlager

Original Mandamus Proceeding[1]

Opinion by: Rebeca C. Martinez, Justice

Sitting: Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: January 10, 2018

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relators Synergy Natural Resources, L.L.C., Trailers for Less, and Gary M. Riebschlager

filed a petition for writ of mandamus, complaining the trial court abused its discretion in granting

real party in interest Circle Bar A Inc.'s motion to disqualify counsel. We conditionally grant the

petition for writ of mandamus.

## BACKGROUND

Circle Bar A Inc. ("CBA") filed suit against Synergy Natural Resources, L.L.C.

("Synergy") asserting claims for suit on a sworn account and breach of contract for alleged failure

to pay transfer and storage fees for two chassis trailers. Synergy claims it was never served with

CBA's petition, and on May 4, 2017, a no-answer default judgment awarding damages and

---

[1] This proceeding arises out of Cause No. 2016-CV-02517, styled *Circle Bar A Inc. v. Synergy Natural Resources, L.L.C.*, pending in the County Court at Law No. 3, Bexar County, Texas, the Honorable David J. Rodriguez presiding.

attorney's fees was rendered in favor of CBA. On July 14, 2017, the trial court issued a writ of execution against the two trailers held by CBA. On July 18, 2017, Synergy was attempting to retrieve the trailers from CBA on behalf of their owner, Trailers for Less. At that time, Synergy learned that a default judgment had been entered against it and later learned a writ of execution had been issued and the trailers were seized by the Bexar County Sheriff's Office.

On August 4, 2017, attorney Gary M. Riebschlager filed a motion to dissolve writ of execution on behalf of intervenor and interested third party, Trailers for Less, which owns the two trailers at issue. Attached to the motion was the affidavit of Michelle Walker, custodian of business records for Trailers for Less, who stated that Synergy leased the trailers from Trailers for Less.

On August 10, 2017, a hearing was held on the motion to dissolve writ of execution filed by Trailers for Less. During the hearing, CBA presented a motion to disqualify Riebschlager from representing both Synergy and Trailers for Less pursuant to Rule 1.06.[1] CBA's attorney informed the trial court he had learned through email communication with Riebschlager that Riebschlager was representing two clients whose interests were adverse—Synergy and Trailers for Less. CBA argued that both entities claimed to own the trailers at issue, and their conflicting positions should disqualify Riebschlager from representing either. No evidence was admitted during the hearing relative to the motion to disqualify other than the email correspondence between CBA's attorney and Riebschlager which was also attached to the motion to disqualify.

At the conclusion of the hearing, the trial court pronounced the motion to disqualify granted. Riebschlager asked the court if he could file a response to the motion to disqualify, since he was not served with the motion prior to the hearing. The trial court allowed Riebschlager to file a response. The trial court subsequently signed an order granting CBA's motion to disqualify

---

[1] TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (West 2013).

Riebschlager from representing Synergy and Trailers for Less. The order is file-stamped August 10, 2017 at 3:38 p.m., but was signed on "August 11, 2017." On August 11, 2017, on behalf of Synergy, Riebschlager filed a motion for new trial of the court's no-answer default judgment signed on May 4, 2017. The motion is file-stamped 2:27 p.m. An attorney affiliated with Riebschlager's office, Martina Cartwright, added her signature to the motion for new trial on behalf of Synergy, and also filed a notice of appearance and motion to dissolve writ of execution on behalf of Trailers for Less.

On August 18, 2017, CBA filed its motion for sanctions and contempt against Riebschlager, as well as a motion to disqualify as to Martina Cartwright's appearance. A hearing was held on the motion for sanctions but Riebschlager did not appear; his motion for continuance was not considered. The trial court granted the motion for sanctions and ordered Riebschlager to pay $2,500 in attorney's fees. The trial court also struck Synergy's motion for new trial as to the no-answer default judgment filed by Riebschlager.

## ANALYSIS

Mandamus relief is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion when there is no other adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker*, 827 S.W.2d at 839. To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only

one decision." *Liberty Nat'l First Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840).

Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding); *In re Sandoval*, 308 S.W.3d 31, 32 (Tex. App.—San Antonio 2009, orig. proceeding). Disqualification is a severe remedy because it can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings. *In re Sanders*, 153 S.W.3d at 57. Courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic. *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding). The party moving for disqualification must establish with specificity a violation of one or more of the disciplinary rules. *Id.* The disciplinary rules provide guidelines for deciding disqualification issues; however, they are not controlling standards. *In re Drake*, 195 S.W.3d 232, 235 (Tex. App.—San Antonio 2006, orig. proceeding). In "appropriate circumstances" a lawyer may be disqualified even if he has not violated a specific disciplinary rule. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). By the same token, mere allegations of unethical conduct or evidence showing only a remote possibility of a violation of the disciplinary rules are not sufficient to merit disqualification. *In re Sanders*, 153 S.W.3d at 57; *In re Garza*, 373 S.W.3d 115, 117 (Tex. App.—San Antonio 2012, orig. proceeding).

Rule 1.06(b) of the Texas Rules of Disciplinary Procedure provides, in part:

(a) A lawyer shall not represent opposing parties to the same litigation.

(b) In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person:

(1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or

(2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests.

(c) A lawyer may represent a client in the circumstances described in (b) if:

(1) the lawyer reasonably believes the representation of each client will not be materially affected; and

(2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any.

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(a), (b), (c), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013).  It is not clear from CBA's motion to disqualify which provision of Rule 1.06 it was relying on; however, in its response to the petition for writ of mandamus, CBA states that Synergy and Trailers for Less are "opposing parties" in violation of Rule 1.06(a).  In a footnote in its response to the petition for writ of mandamus, CBA contends that disqualification was also proper under Rule 1.06(b).  Essentially, CBA appears to argue that Trailers for Less is the actual owner of the trailers, and Synergy's breach of its contract with CBA adversely affected that ownership, resulting in a direct cause of action by Trailers for Less against Synergy.

Assuming, without deciding, that Synergy and Trailers for Less are opposing parties or have adverse interests, CBA failed to show Riebschlager's representation of both Synergy and Trailers for Less would cause actual prejudice to CBA.  *See In re Sanders*, 153 S.W.3d at 57; *In re Nitla*, 92 S.W.3d at 422.  In the motion to disqualify, CBA did not plead that harm or prejudice will ensue from Riebschlager's representation, but merely alleged that "if Trailers4less is the actual owner of the subject trailers, Trailers4less has a direct cause of action against Synergy for any number of causes of action."  This statement, however, is vague and conclusory in nature.  CBA

likewise failed to present evidence of actual prejudice at the hearing. In its response filed in this court, CBA theorizes that harm may result if a conflict arises between Synergy and Trailers for Less. Ultimately, it was CBA's burden to show CBA would suffer actual prejudice. *In re Sanders*, 153 S.W.3d at 57; *In re Tips*, 341 S.W.3d 30, 33 (Tex. App.—San Antonio 2010, orig. proceeding). We conclude CBA failed to meet its burden, and therefore the trial court abused its discretion in disqualifying Riebschlager.

## CONCLUSION

We conclude the trial court erred in granting the motion to disqualify Riebschlager as attorney for Synergy and Trailers for Less. Therefore, we conditionally grant the petition for writ of mandamus. The trial court is ordered to withdraw its August 11, 2017 order. Because the order granting sanctions and striking the motion for new trial was based on the order of disqualification, we also order the trial court to withdraw its August 24, 2017 order striking the motion for new trial filed by Riebschlager and ordering Riebschlager and Synergy to pay $2,500 in sanctions. The writ will issue only if the trial court fails to comply within fourteen days from the date of our opinion and order.

Rebeca C. Martinez, Justice