

# Fourth Court of Appeals
## San Antonio, Texas

February 1, 2023

No. 04-22-00795-CV

### IN THE ESTATE OF ELOISA M. MARTINEZ, DECEASED

From the Probate Court No 1, Bexar County, Texas
Trial Court No. 2020PC3191
Honorable Oscar J. Kazen, Judge Presiding

# O R D E R

On November 22, 2022, appellant filed a notice of appeal complaining of the probate court's order denying his motion to set aside a default judgment in the underlying probate proceeding. A motion to set aside a default judgment, which in effect is a motion for new trial, is not independently appealable. *See* TEX. R. CIV. P. 324(b)(1); *Cornwell v. Cornwell*, No. 02-17-00105-CV, 2017 WL 6759031, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.). "No appeal from an order denying a motion for new trial exists separately from an appeal of the underlying judgment." *Id*.; *see Mahler v. Bellini*, No. 01-22-00693-CV, 2022 WL 16556822, at *1 (Tex. App.—Houston [1st Dist.] Nov. 1, 2020, no pet.) (providing that an order denying motion for new trial is not independently appealable). Therefore, it appears that we have no jurisdiction over this appeal.

Additionally, even if we liberally construe appellant's notice of appeal as complaining of an underlying final judgment, it appears that we have no jurisdiction over this appeal. Appellant's motion for new trial complains of three separate probate court orders, each of which appears to be a final judgment: (1) a December 11, 2020 order appointing a dependent administrator; (2) a February 11, 2021 order vacating the probate court's prior order approving a small estate affidavit; and (3) a March 8, 2022 decree approving sale of real property. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (recognizing that probate proceedings are the exception to the one final judgment rule and that in such cases multiple judgments final for purposes of appeal can be rendered on certain discrete issues); *In re Estate of Arizola*, 401 S.W.3d 664, 670 (Tex. App.—San Antonio 2013, pet. denied) (holding an order appointing an estate administrator ends a phase of the probate proceedings and is a final, appealable judgment); TEX. EST. CODE 356.556(c) (noting that an order approving sale of real property "has the effect of a final judgment").

Generally, a notice of appeal is due within thirty days after the trial court signs its judgment. TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days

after the judgment is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial. TEX. R. APP. P. 26.1(a). To be timely, a motion for new trial must be filed no later than thirty days after the trial court renders its final judgment. *See* TEX. R. CIV. P. 329b(a).

In this case, a motion for new trial addressing the order appointing a dependent administrator was due on Monday, January 11, 2021; a motion for new trial addressing the order vacating the probate court's order approving a small estate affidavit was due on Monday, March 15, 2021; and a motion for new trial addressing the decree approving sale of real property was due on Thursday, April 7, 2022. However, appellant did not file his motion for new trial until August 22, 2022, which means it was untimely and did not operate to extend the time period for filing his notice of appeal as to any of the final judgments of which appellant complains. *See* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 26.1(a)(1). Absent a timely motion for new trial, appellant's notice of appeal was due within thirty days after the probate court signed each of the final judgments. *See* TEX. R. APP. P. 26.1. We conclude that appellant's notice of appeal, filed on November 22, 2022, was untimely as to each of the final judgments of which he complains. Without a timely notice of appeal, we lack jurisdiction over this appeal. *See Mahler*, 2022 WL 16556822, at *1 (dismissing appeal because the notice of appeal was untimely and failed to invoke the appellate court's jurisdiction).

We, therefore, ORDER appellant to show cause in writing, on or before **February 14, 2023**, why this appeal should not be dismissed for lack of jurisdiction. We suspend all appellate deadlines pending our determination of whether we have jurisdiction over this appeal.

Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of February, 2023.

_____
MICHAEL A. CRUZ, Clerk of Court